MRS. ANNA BELL (LAY) HARRISON ET VIR V.
HERBERT CHESSHIR ET AL.

No. A-7082. Decided January 28, 1959.
Rehearing overruled February 25, 1959.
(320 S.W. 2d Series 814)

*Calloway Huffaker* and *Harold Green,* of Tahoka, for petitioners.

*Morgan L. Copeland,* County Attorney, *Hackney & Crawford,* of Brownfield, for respondents.

PER CURIAM:

The petitioner, Mrs. Anna Bell (Lay) Harrison, had before the Court of Civil Appeals points of error asserting that there was no evidence to support the findings of the jury made the basis of the judgment against her, and also points of error asserting that the findings were so against the overwhelming weight and degree of the evidence as to be manifestly wrong and unjust.

The Court of Civil Appeals, after reviewing only the evidence in support of the jury's findings, overruled all such points under a rule of law stated by it as follows: "It is elementary law that if there be sufficient evidence of probative force to support the findings of the jury the parties to the suit and the appellate courts are bound thereby. In determining the sufficiency of the evidence to support the jury's findings we must give credence only to the evidence and circumstances favorable to the findings and disregard all evidence to the contrary." 316 S.W. 2d 912.

The rule of law applied by the Court of Civil Appeals in deciding the "no evidence" points is a correct one, but it is an incorrect one for deciding the "insufficient evidence" points. In applying the quoted rule to the latter type of points the opinion of the Court of Civil Appeals is in direct conflict with the opinion

of this Court In Re King's Estate, 150 Texas 662, 244 S.W. 2d 660. See also 30 T.L.R. 803. We warned in Tudor v. Tudor, 158 Texas 559, 314 S.W. 2d 793, that reversal for this type of error, if preserved, would necessarily follow.

Petitioner's application for writ of error presents no other point of error requiring reversal of the judgment of the Court of Civil Appeals, but the error above referred to leaves us no alternative but to reverse the judgment of the Court of Civil Appeals and remand the cause to that court for determination by that court of appellant's (petitioner's) points of error Nos. 2, 4 and 6 under the correct rule of law. Rule 483, Texas Rules of Civil Procedure.

Opinion delivered January 28, 1959.

Motion for rehearing overruled February 25, 1959.