FISHER CONSTRUCTION COMPANY ET AL. V. ROBERT E. RIGGS ET AL.

No. A-7213. Decided June 3, 1959.
Rehearing overruled July 8, 1959.
(325 S.W. 2d Series 126)

*McGregor, Sewell & Junell, Dyess, Dyess & Prewett,* of Houston, *Egdar N. Brown* and *Coleman Gay,* of Austin, for petitioners.

*Blakely & Williams, Peyton, Huckeba & Swenson,* of Houston, for respondents.

*Per Curiam:*

The opinion of the Court of Civil Appeals is published in 320 S.W. 2d at page 200.

None of the points of error brought to this court require reversal of the judgment of the Court of Civil Appeals, except Point 8 which challenges the rule adopted by the Court of Civil Appeals in passing on the sufficiency of the evidence to support jury findings.

The petitioners contended in the courts below that the answers of the jury to several material issues were contrary to the overwhelming weight and preponderance of the evidence. In passing upon those points, the Court of Civil Appeals announced this rule:

"The fundamental principle of appellate review is that the record must be viewed in the light most favorably in support of the judgment of the trial court and the jury verdict. * * * This court in considering the sufficiency of the evidence, must disregard all evidence adverse to the findings of the jury and consider only the evidence favorable to such findings, indulging every legitimate conclusion which tends to uphold the same."

**1** The rule announced is applicable only when the question is one of no evidence, and is not applicable in determining whether the answers of the jury are contrary to the overwhelming weight and preponderance of the evidence. In determining that question it is the duty of the Court of Civil Appeals to consider all the evidence, including that which is contrary to the verdict. In re King's Estate, 150 Texas 662, 244 S.W. 2d 660; Harrison v. Chesshir, 159 Texas 359, 320 S.W. 2d 814; Watson v. Prewitt, 159 Texas 305, 320 S.W. 2d 815.

**2** This court is without jurisdiction to determine the question of the weight and preponderance of the evidence, and since the rule announced by the Court of Civil Appeals is incorrect, the case must be returned to that court for a decision under the correct rule of the points raising the question of weight and preponderance of the evidence. Rule 483, Texas Rules of Civil Procedure. That court will enter judgment in accordance with its decision on those points.

Judgment of the Court of Civil Appeals reversed and cause remanded to that court for further consideration.

Opinion delivered June 3, 1959.

Rehearing overruled July 8, 1959.