Tomas FIGUEROA, Appellant,

v.

Clarence TREECE, Appellee.

No. 13627.

Court of Civil Appeals of Texas.

San Antonio.

June 15, 1960.

Rehearing Denied July 13, 1960.

See also 331 S.W.2d 250.

McDonald, Spann & DeAnda, Corpus Christi, for appellant.

Lewright, Dyer & Redford, Corpus Christi, for appellee.

POPE, Justice.

Tomas Figueroa, the plaintiff, was a passenger-guest in a vehicle driven by Jose Garcia. He sued Clarence Treece for injuries he sustained in an intersection collision, but failed to obtain any favorable findings that Treece was negligent. Plaintiff undertook to prove that Treece was negligent in driving at a speed in excess of that which a reasonably prudent person would have driven, and in failing to keep a proper lookout. He complains that the court erred (1) in failing to strike the opinion testimony of a police investigator that Treece was not going in excess of thirty-five miles an hour, (2) in permitting the same investigator to pass upon the credibility of a statement made to him by defendant Treece, and (3) in failing to set aside the finding that Treece did not fail to maintain a proper lookout. The first two points are briefed together because they both relate to the issue of speed.

Plaintiff and another were riding in a car driven by Jose Garcia. They were going north on Navigation Boulevard in Corpus Christi at about twenty-five miles an hour. They approached Leopard Street, which intersected Navigation at right angles, and defendant, Treece, was approaching from the east, to the right of the Garcia vehicle. Leopard is a four-lane thoroughfare and traffic is controlled at the intersection by a signal light. Garcia ran the red light, and Treece had a green light. Treece hit the side of the Garcia vehicle and occupants in both vehicles were injured.

To understand the courts failure to strike the opinion testimony with respect to the speed of the Treece vehicle, it is necessary that we know the manner in which the motion emerged. Plaintiff called as his first

witness, Jimmy Thompson, an accident investigator for the Corpus Christi Police Department. Plaintiff proved through the investigator most of the physical conditions as they existed at the scene of the accident shortly after it occurred. He described the streets, their measurements, the location of the damaged vehicles, the location and length of skid marks, the point of impact, and the presence of paint marks on the highway. On direct examination, plaintiff asked the investigator how fast defendant Treece said he was traveling, and the witness answered, "He stated he was traveling approximately 30 miles an hour." Defendant, on cross-examination, proved that Garcia, the driver of the vehicle in which plaintiff was riding, was seventeen years old with only six months' driving experience, and that he had no driver's license. Defendant bolstered the qualifications of plaintiff's witness by showing that he had received special training in accident investigations, including the estimation of speed from physical facts at the scene of the accident, and that he had eight and one-half years' experience as an investigator. Defendant asked the opinion of the witness concerning Treece's speed, and plaintiff objected because the question did not include the factual basis for the opinion. Defendant rephrased the question by asking the witness, based on his experience and the physical evidence at the scene of the accident, whether in his opinion Treece was exceeding the speed limit. The witness replied, "I don't think he was exceeding the speed limit." Though there was no objection, the court instructed the jury not to consider the answer. Defendant next asked whether the defendant was driving in excess of thirty-five miles per hour, and, without objection, the investigator answered, "No, sir."

At this point, after direct and cross-examination, that evidence was in the record and before the jury without objection or motion to strike. On re-direct, for some sixteen pages in the statement of facts, plaintiff proceeded upon the basis that the investigator was qualified, and elicited additional testimony about speed judged from the skid marks. The witness testified that twenty-five feet of skid marks would evidence a speed of twenty to twenty-five miles. Plaintiff then asked the witness if, in his opinion, the vehicle, after leaving such skid marks hit an object and proceeded on beyond the point of impact and knocked the object forty-six feet, it could be going faster than twenty-five miles an hour. In this more complex area, the witness stated that an answer would depend upon the streets, the weight of the vehicles, and the condition of the tires. He stated there was a formula for determining such matters, but he did not know it, and also that his earlier statement that defendant, Treece, was not moving faster than thirty-five miles an hour was in part based on what Treece had told him, and if that statement was incorrect, his opinion was too. Plaintiff still did not move to strike the opinion statement. Had the development of the evidence about speed stopped at that point, clearly there would be no error, for there was no objection or motion to strike, and plaintiff apparently was content in the belief that he had discredited the opinion testimony.

On re-cross, defendant asked the investigator, a second time, whether he "reached the conclusion that Mr. Treece was not going in excess of thirty-five miles per hour." It was at that stage that plaintiff objected to the question because it was a conclusion and was based upon factors which the investigator said he did not understand. Plaintiff also moved that the earlier answer be stricken. The court overruled both, "in view of the testimony already in." It was also on this re-cross that the defendant asked the witness if he found anything that indicated that Mr. Treece was not telling the truth. To the question, plaintiff stated "Objection", but stated no grounds. The court overruled the objection, and the witness answered, "No, sir."

■ One witness may not pass upon the credibility of another, but the objection was too general and specified no legal grounds for excluding the testimony. McCormick and Ray, 1 Texas Law of Evidence, § 24; Zeek v. Gaddy, Tex.Civ.App., 287 S.W.2d 490. In any event, the limited matter about which the witness was speaking was the statement that Treece told the investigator he was going thirty miles an hour. Plaintiff can hardly complain about that statement, for he was the one who proved it. The investigator's comment about Treece's telling the truth about his speed is briefed along with the objections to the investigator's opinion about speed judged by the skid marks, and we regard the two matters as substantially the same.

■ In our opinion, it was error to deny the motion to strike the earlier opinion statement by the investigator, that Treece was not going in excess of thirty-five miles an hour. Though plaintiff presented the witness and himself relied upon the opinions of the witness in some measure, when it became apparent that he had no competency to testify and include factors necessarily required by the facts of the case, the court should have excluded that phase of the evidence. But we are not convinced that it was reversible error. We are concerned with one statement, twice made. The fact that the witness was qualified in some matters, but not in all; that both parties had in some measure used the witness as an expert, and that there would be confusion with respect to what was and was not in the record after sustaining the motion to strike, is perhaps what the court meant by denying the motion, "in view of the testimony that is already in." Alvey v. Goforth, Tex.Civ.App., 263 S.W.2d 313, reversed on other grounds, 153 Tex. 449, 271 S.W.2d 404. Moreover, it was the plaintiff who first proved through the investigator that Treece was going thirty miles an hour. Plaintiff adduced that evidence and it is in the record without complaint. It is plausible to conclude that the jury gave this part of plaintiff's own proof as much weight as they did the opinion statement that defendant was not going thirty-five miles an hour. In other words, plaintiff himself offered proof that Treece moved at a speed of thirty miles an hour, and then objected to proof which contemplated an even faster rate, which was less favorable to his position. At the end of plaintiff's re-cross it was apparent that the witness did not possess expert qualifications to testify about speed judged from skid marks where there was an impact which knocked another moving object a given number of feet. But we do not, as apparently the plaintiff did not at that point, disregard entirely the probability that the jury gave heed to the investigator's self-discrediting admissions that he was only giving a "guess." The jury probably also gave force to the fact that three occupants of the Garcia vehicle did not testify about Treece's speed at all, while three occupants of the Treece car testified that they were moving less than thirty miles an hour. That evidence is undisputed by the witnesses who were present at the time of the accident. The special issue inquired whether Treece was driving in excess of that which a reasonably prudent person in the exercise of ordinary care would have driven. The inquiry was not, in the words of the disputed question, whether he was driving in excess of thirty-five miles an hour. In the light of the whole record, we conclude that the one opinion statement, though twice repeated, did not cause the rendition of an improper judgment.

■ The jury also found that defendant, Treece, did not fail to maintain a proper lookout. Plaintiff urges that the finding has no support in the evidence, and that it is so against the great and overwhelming weight of the evidence as to be manifestly unjust. We overrule both complaints about the finding. We shall first discuss the "no evidence" objection. Plaintiff was riding in the Garcia vehicle and Garcia ran a red light at the intersection of Navigation and Leopard. Treece had a green light as he moved into the intersec-

tion and it did not change up to the time of impact. Treece testified that he looked ahead with his eyes continuously fixed on the green light, that he did not see the Garcia vehicle until a "flash" before the impact, and he did not "remember" turning his head in either direction. The point is not whether Treece, with a traffic signal in his favor, was excused from looking out for one who violated the law and ran the red light. Treece had the duty to keep a lookout. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95. The point is whether there was evidence or inferences from the evidence that he discharged his duty. The undisputed physical evidence shows that Treece applied his brakes and laid down skid marks seventeen feet before he reached the intersection, which in law he had the right to enter on a green light. Treece skidded eight feet more out into the intersection and hit the Garcia car. The jury, therefore, had the inferences that Treece saw something, that he then reacted, and that he commenced braking his car even before it reached the intersection, and then left twenty-five feet of marks. The jury gave effect to what Treece actually did rather than to what he remembered. What he did is proof as much as what he says he did. There was evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

In looking at all of the evidence, as we must, in passing upon the other complaint that the finding is so against the great weight of the evidence as to be manifestly unjust, we also find that objection without merit. Harrison v. Chesshir, Tex., 320 S.W.2d 814; Watson v. Prewitt, Tex., 320 S.W.2d 815.

There was some controversy with respect to the completeness of the statement of facts, but we find that the statement of facts has been approved by both counsel, and we have considered only those points which are supported by the record.

The judgment is affirmed.