I. C. ROARK, Appellant,

v.

Ross ANDERSON, Appellee.

No. 5483.

Court of Civil Appeals of Texas.

El Paso.

Nov. 8, 1961.

Rehearing Denied Dec. 13, 1961.

W. P. Wallace, Jr., Del Rio, H. O. Metcalfe and William H. Earney, Marfa, for appellant.

Frank O. Ray, Alpine, Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellee.

CLAYTON, Justice.

This is a wage case in which the appellee, Anderson, sued appellant, Roark, for wages under an oral contract wherein appellee claims appellant agreed to pay the former $275.00 per month for work as a trapper and ranch hand through the winter of 1959 and until spring of 1960. Appellee alleges that appellant was to advance wages to appellee up to $175.00 per month, and at the termination of employment was to pay to appellee the balance of the accumulated wages. Appellee further alleges that he worked for appellant under the above arrangement from October 1, 1959 until May 25, 1960, and admits having received from appellant $1,260.00 in wages from the $2,-154.14 he claims was due him. He also allows appellant a credit of $200.00 for four hound dogs repurchased from appellant, making a total credit on appellant's account of $1,460.00, less $70.00 for seven steel traps left with appellant, or a credit balance of $1,390.00 against the claimed total of wages contracted to be paid. Thus, he sought recovery of $764.14.

Appellant replied by general denial, specifically plead that the wage agreement was for $175.00 per month only, which had been paid except for a balance owing for part of the month of May, 1960, which appellant was ready to pay; denied that he purchased from appellee the seven steel traps; alleged, by way of cross-action, that appellee wrongfully removed from appellant's premises five dogs (used to combat predatory animals) reasonably valued at $250.00, and that the wrongful removal of said dogs had damaged appellant in the amount of $750.00. This last item of damages in the amount of $750.00 was abandoned in the testimony, and no question arises from that.

The only testimony in the case, other than that of the parties involved, comes from witnesses who did not purport to know anything about the agreement of the parties, but who testified that appellee's reputation for truth and veracity in the community was good.

The appellant introduced a number of checks covering the period of time from October, 1959 through April, 1960, executed by appellant, payable to appellee and either endorsed by, or for appellee. These checks are in varying amounts and most of them have written on their face some reference to labor, such as: "For labor to night of 2nd Oct.", "Adv. labor from Oct. 2nd forward", "Labor in full to 11/1/59", "Jan. in full", "Labor in full for March", etc. These checks do not total the $1,260.00 which appellee admits having received from appellant, nor do they represent uniform amounts for each month of the period covered. However, as can be seen from the writing on the face of most of these checks, examples of which are given above, they do seem to reflect the fact that some effort was being made, through advances and payments, to keep appellee's wages paid up.

Furthermore, appellant introduced the employer's copy of an annual tax return for Social Security under the Federal Insurance Contributions Act, 26 U.S.C.A. § 3101 et seq., for the year 1959, bearing typewritten date of January 28, 1960, which included appellee's name and social security number and showed taxable wages of appellee for the year 1959 as $700.00. The appellant identified this exhibit as being his Social Security tax return for the year 1959, and testified that it reflected that appellee had been paid wages of $700.00 during 1959 at the rate of $175.00 a month for four months.

Admittedly, the record is not entirely clear as to just which four months appellee worked for appellant in the year 1959, but appellee admits that he was helping appellant with the shearing before October 1, 1959. All checks dated prior to October 1,

1959 were excluded from the evidence, so it is impossible to determine how the $700.-.00 reportedly paid was made up. But the first two checks introduced are each dated October 2, 1959, and one of them (in the amount of $69.00) is marked "for labor to night of 2nd Oct.", and the other (in the amount of $40.00) is marked for "Adv. labor from Oct. 2nd forward", thus indicating that the appellee had worked for some unknown period of time prior to October 2, 1959. Parenthetically, it might be noted that, of the checks paid in October, beginning with the one marked "Adv. labor from Oct. 2nd forward" and ending with one dated October 31, 1959 marked "Labor in full to 11/1/59", a total of $172.00 is reached which, with part of the October 2nd check marked "for labor to night of 2nd Oct." could have made up the $175.00 for that month.

This case was submitted to the jury on special issues. The first issue inquired what the jury found, from a preponderance of the evidence (correctly defined in the charge), was the agreed monthly wage to be paid plaintiff by defendant. The jury answered "$275.00". In answers to the second, third and fourth issues, the jury found that the preponderance of the evidence showed that plaintiff had, in December of 1959, and before the termination of plaintiff's employment, repurchased from defendant certain dogs for $200.00. Judgment in favor of the plaintiff for $764.14 was rendered on this verdict, and appellant's motions for new trial and for judgment non obstante veredicto were overruled.

No point of error is directed to the jury findings in answer to Special Issues Two, Three and Four.

■■ Appellant's point of error number two asserts that the verdict of the jury was unsupported by any credible evidence. This is a question of law and, in considering this point, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." Ren-

fro Drug Co. et al. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (citing Austin v. Cochran, Tex.Com.App., 2 S.W.2d 831, 832).

See also: Robertson v. Robertson, 159 Tex. 567, 323 S.W.2d 938.

Applying this test to the instant case, we must hold that there is some evidence to support the jury's finding on Special Issue No. One, and, therefore, we overrule point of error number two.

■ The sufficiency of the evidence is attacked in appellant's points of error numbers one and three, the first point maintaining that the verdict was contrary to the credible evidence adduced, and the third point asserting that the verdict was in conflict and wholly at variance with the undisputed documentary evidence offered in support of appellant's testimony. These points will be considered together. They raise a question of fact, and require this court to review all the evidence, both that which supports the verdict and that which does not. Harrison v. Chesshir, 159 Tex. 359, 320 S.W.2d 814 and cases cited; Watson v. Prewitt, 159 Tex. 305, 320 S.W.2d 815.

After a careful examination of all the evidence, we have reached the conclusion that these points of error must be sustained.

The agreement of the parties as to the wages to be paid to appellee was an oral agreement without witnesses, and the testimony of the parties on the subject is in hopeless conflict. Other evidence, therefore, must be examined. This consists of various wage checks and the appellant's tax return for Social Security. Many of these checks bear notations of "labor in full" or similar markings, and they were accepted by appellee without protest. The Social Security return seems to bear out appellant's contention that appellee was paid wages of $175.00 per month for four months in the year 1959. Before going to work for appellant, the appellee was working on another ranch for $165.00 a month. Appellee had worked for appellant "in years

**956**

and months gone by" for as much as $250.00 a month, but no reason was advanced as to why he should have been offered $275.00 by appellant on this occasion—an increase of $110.00 over the wages he was drawing in his immediately preceding employment. We feel that the verdict of the jury with respect to the agreement on wages between the appellant and appellee is against the greater weight and preponderance of the evidence. For that reason the judgment of the trial court is reversed, and this cause is remanded for a new trial. Gulf, Colorado & Santa Fe Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933.

Our holding thus disposes of Points Four, Five and Six presented in appellant's brief. It should be added, however, that the doctrine of estoppel is not relevant to this case, it not having been plead.

Reversed and remanded.