**B. R. SHEFFIELD, Appellant,**

v.

**SEMINOLE STATE BANK, Appellee.**

**No. 5627.**

Court of Civil Appeals of Texas.

El Paso.

May 27, 1964.

Rehearing Denied June 17, 1964.

Davee & Davee, Brady, for appellant.

Freeman & Curry, Seminole, for appellee.

PRESLAR, Justice.

This is an appeal from a judgment, after trial before a jury, on a note in favor of the Seminole State Bank against B. R. Sheffield, as maker, and Ross Bohannon and Lee Ogg as sureties, and for foreclosure of a chattel mortgage. Only Sheffield appeals. The note sued on was in the amount of $8,947.50 and represented a balance owing on two prior notes of Sheffield in the amounts of $15,000.00, secured by chattel mortgage on sheep and cattle of Sheffield, and $5,000.00.

Appellant's first point of error is directed at the failure of the trial court to submit his requested issue:

"Do you find from the preponderance of the evidence, that defendant B. R. Sheffield authorized plaintiff's Bank president Claude Holley, to deposit the $15,000.00 note in question, to the account of Lee Ogg?"

The court submitted an issue as follows:

"Do you find from a preponderance of the evidence that Sheffield consented for the $15,000.00 in exchange for which his note in that amount was given to be deposited to the account of Lee Ogg?"

To that the jury answered that he consented.

■ Appellant does not question the fact that he consented, and he agrees with the testimony of Bank President Holley to the effect that he called appellant, upon receipt of his note, about placing the proceeds thereof in the account of Lee Ogg, and that he consented. The record reflects that the issue on consent was submitted without objection, and appellant fails to point out how the failure to submit the additional issue on authority harmed him. He contents himself with the argument that there is a difference between "consented" and "authorized", but does not point out how his defense was harmed by the failure to have a jury finding on both. We think the matter

is controlled by that portion of Rule 279 which reads:

"Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue."

Under the particular facts of this case, submission of the additional issue would have been another shade of the same, and the failure to make such submission was not reversible error.

██ Appellant's point of error number two is, in substance, that the evidence is contrary to the jury's finding that one Lee Ogg was an agent of the Seminole State Bank. Where the contention is made that the evidence is contrary to the jury finding, this court is required to consider and weigh all the evidence in the case and set aside the verdict if it concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. See Calvert, "No Evidence", and "Insufficient Evidence", 38 Texas Law Review 361; King v. King, 150 Tex. 662, 244 S.W.2d 660; Harrison v. Chesshir, 159 Tex. 359, 320 S.W.2d 814. We have so weighed and considered all the evidence and conclude that the jury's finding that Ogg was not an agent of the Bank is not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

██ Appellant, in this assignment, also argues the law of agency, and says that the verdict in this instance is contrary to the law. We overrule this contention because agency was defined in the charge, and no objection was made to such definition.

██ Appellant urges that the court erred in foreclosing the chattel mortgage for the reason that same had been assigned to co-defendant Ross Bohannon. Again he is met by the provisions of Rule 279, in the section which provides:

"Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment * * *

"Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived * * *."

Whether the chattel mortgage had been, in fact, assigned was an ultimate fact question to be determined by the jury, and if appellant desired to rely on its assignment as a defense, the burden was on him to comply with the provisions of Rule 279 and request appropriate issues. That he failed to do, and such defense is waived. He would urge that there was no evidence to the contrary as to assignment—that the fact of assignment is undisputed—so that no issue was necessary. The evidence of assignment was on the original $15,000 and $5,000 notes which were endorsed on their backs to Bohannon as trustee. The Bank president testified, without objection, that this was done in an effort to effect collection, by attaching a draft to such notes and sending them to Bohannon's bank in Dallas. This was done some five times, and Bohannon never honored the drafts to become entitled to the notes. They were returned to the Seminole bank and at a later date were turned over to appellant, not Bohannon, when replaced by the note sued on plus partial payment. Thus, any attempted assignment to Bohannon never materialized, or at least was a good fact question for the jury.

All assignments of error have been considered and all are overruled. The judgment of the trial court is affirmed.