HIGHLAND UNDERWRITERS INSURANCE COMPANY, Appellant,

v.

Herman Willie HELM, Appellee.

No. 4344.

Court of Civil Appeals of Texas.

Eastland.

Nov. 5, 1969.

---

Willoughby, Pope, Dickenson, Batjer & Glandon, Robert Batjer, Jr., Abilene, for appellant.

Ponder & Pearson, James Pearson, Sweetwater, for appellee.

GRISSOM, Chief Justice.

In this workmen's compensation case a jury found, among other prerequisites to the judgment, that the claimant was totally and permanently incapacitated as the result of an injury he sustained while in the course of his employment for Lone Star Cement Corporation. Judgment was rendered on the verdict awarding Helm compensation for total permanent incapacity. The Insurance Company has appealed.

Appellant's first point is that the court committed reversible error in admitting the testimony of appellee's medical witness, Doctor Supowit, about the making and interpretation of x-ray pictures of Helm's body. He testified concerning x-ray pictures of Helm made on July 12, 1968 and March 24, 1969. There appears to be no controversy about the fact that the pictures taken in 1968 were lost at the hospital where they were made. Some of the questions about the 1968 pictures called for hearsay answers. The court sustained all objections on that ground. The only thing with reference to the 1968 pictures that remained, except a matter hereinafter specifically discussed, was that the March 1969 pictures were of the same portion of Helm's body as the 1968 pictures. This does not appear to be material or harmful. The principal objections to evidence about the 1968 pictures, in addition to the objection that it was hearsay, was that it was not shown they were pictures of Helm and therefore Doctor Supowit's opinion as to what the 1968 x-rays showed was not admissible. This was the substance of what appellant was objecting to when appellant's counsel was informed by the court that it would be necessary for appellee to establish a proper predicate for admission of such testimony but that appellant would not be required to "continue the objection." When the 1969 x-rays were offered the specific objection to them was that no proper predicate had been laid for their admission. There is in the record, however, an objection by appellant to the effect that, if appellee "intended to elicit specific testimony," about the 1969 pictures, it objected because no proper predicate had been laid therefor. Whereupon, appellee asked said doctor whether the 1969 picture showed "the same portions" of appellee's body as the previous pictures and the doctor said they did. Appellee then inquired whether the 1969 pictures showed "the same things" as the previous pictures to which he answered, "essentially the same findings." To some degree, this tends to support appellant's contention that the

doctor's testimony as to appellant's congenital defect is based, in part, on inadmissible testimony of what the 1968 x-ray showed. Considering all evidence relative thereto and assuming such to be the case, we conclude that it was not reasonably calculated to and did not probably affect the verdict and judgment. With reference to the 1969 pictures said doctor testified in effect that they were taken by the x-ray technician at Simmons Hospital; that he was present and saw them made, saw the film inserted and removed, and the 1969 pictures introduced were the pictures of Helm that he saw made. The pictures taken in 1969 were admitted in evidence. Said doctor testified in substance that, based upon his examination of Helm, the history given him by Helm, and the 1969 x-rays he was of the opinion that Helm had a congenital mechanically unstable back and that said injury, because of that condition, produced total permanent incapacity. We agree with appellant that the 1968 x-rays were not properly authenticated and evidence about what they showed was not admissible. However, we think it is apparent that appellant was not injured thereby. We think the 1969 x-rays were not subject to the objection made to them or, at least, that the objection thereto was too general. We conclude that the testimony of appellee's medical witness about the making and interpretation of x-rays did not constitute reversible error and that the court did not err in permitting Doctor Supowit to testify to his opinion of appellee's condition. Appellant's first and second points are overruled.

█ Appellant's remaining point is that the jury's answer to issue seven, that Helm's total incapacity will be permanent, is so against the great weight and preponderance of the evidence that it is manifestly unjust and clearly wrong.

After studying the entire statement of facts we conclude that this point should be overruled. See In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Parrish v. Hunt, 160 Tex. 378, 331 S.W.2d 304; Harrison v. Chesshir, 159 Tex. 359, 320 S.W.2d 814; Watson v. Prewitt, 159 Tex. 305, 320 S.W. 2d 815. Doctor Supowit testified to the effect that the 1969 x-rays correctly portrayed that portion of Helm's body which the pictures represented; that he saw the x-ray technician at Simmons Hospital make the 1969 pictures; that they revealed a congenital defect in Helm's back, indicating that certain vertebrae were forward of their normal position; that the weight bearing line of the entire back was out of plumb, causing a mechanically unstable back; that he saw appellee after his fall from a train and concluded then that Helm had an acute back sprain caused by a fall, causing spasms of the lumbar muscles; that Helm was then complaining of pain in both groins; that he prescribed tranquilizers and a muscle relaxant; that he saw him a week later and increased the dosage; that Helm appeared to be helped by the medicine and he instructed him to continue taking it; that, assuming the facts relative to the accident to be as testified to by Helm, the doctor was of the opinion that the cause of his incapacity was a fall from a box car, from all of which he was of the opinion that Helm's incapacity was permanent. Of course, there was evidence from which the jury might well have found to the contrary, but we are not authorized to merely substitute our conclusion for that of the jury. Permian Mud Service, Inc. v. Sipes, Tex.Civ.App., 357 S.W.2d 803; Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359, 369. After considering all the evidence we respectfully overrule appellant's third point.

The judgment is affirmed.