Margaret **ALVARADO** et vir, Appellants,

v.

Phillip Lloyd **HUGHES**, Appellee.

No. 17048.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 14, 1969.

Rehearing Denied Dec. 12, 1969.

---

Lipscomb & Renfro, and Tom Renfro, Fort Worth, for appellants.

Touchstone, Bernays & Johnston, and George E. Seay, Jr., Dallas, for appellee.

OPINION

ON MOTION FOR REHEARING

LANGDON, Justice.

Motion for rehearing is granted. The opinion handed down by this Court on September 19, 1969, is set aside and the following substituted therefor.

This suit involves a common-law action for damages. It was tried to a jury. On the basis of its verdict the appellants were awarded $1,250.00 in medical bills and $100.00 general damages.

On appeal it is contended that the finding of $100.00 general damages is unsupported by the evidence and is against the great weight and preponderance of the evidence.

We affirm.

The only statement of facts before the court on this appeal is an abbreviated one as provided under the provisions of Rule 377, Texas Rules of Civil Procedure.

In the absence of a complete statement of facts or an agreed statement of facts this court is unable to determine and rule upon sufficiency of evidence points such as are presented on this appeal. The Englander Co. v. Kennedy, 428 S.W.2d 806 (Tex.Sup., 1968); Harrison v. Chesshir, 159 Tex. 359, 320 S.W.2d 814 (1959); Fisher Construction Co. v. Riggs, 160 Tex. 23, 325 S.W.2d 126 (1959). See also Rule 378, T.R.C.P., and authorities cited thereunder.

The judgment of the trial court is accordingly affirmed.

Affirmed.

MASSEY, C. J., dissents.

ON MOTION FOR REHEARING

MASSEY, Chief Justice (dissenting).

The opinion rendered on Motion for Rehearing states that general rule which guides an appellate court when an appeal is taken without a full and complete Statement of Facts.

Until the case at bar was submitted the writer labored under the opinion that such was the controlling and not merely the

general rule; i. e., that there could be no situation in which a different rule could be applied. However, I have concluded that the situation here presented constitutes an exception to such general rule; that despite the abbreviated record which is presented it is nevertheless thereby unquestionably established that the jury's finding of general damages at the amount of $100.00 was manifestly too small and therefore reversible under T.R.C.P. 328, "If Not Equitable".

The point of error advanced the contention that the $100.00 amount so found was against the greater weight and preponderance of the evidence, which point, as applied to the matter under consideration, would necessarily embrace the contention that such figure as general damages was manifestly too small.

Despite the abbreviated Statement of Facts, it is nevertheless apparent (when such is considered along with the verdict and pleadings in the case) that the jury believed that Mrs. Alvarado, as the result of automobile collision, sustained personal injuries primarily consisting of a neck sprain of sufficient severity to require two separate periods of hospital confinement with attendant medical treatment, and the fitting of a brace to limit her head motion. It found that she sustained injuries which necessitated reasonable and necessary expenses in the amount of $1,250.00.

The aforesaid amount, $1,250.00, was approximately one-half the total figure shown by Mrs. Alvarado's evidence as having become necessary for the hospitalization and attention incident to the injuries to her neck, etc., and also for hospitalization, surgery, medical, etc., incident to correcting a condition of hernia.

On trial there was an attempt to collect damages because of Mrs. Alvarado's disability, expenses, etc., incident to surgery to correct the hernia, on the theory that they were occasioned as part of the total of the personal injuries resultant from the automobile collision. It is obvious that the jury did not believe that the hernia was so caused and occasioned, and that it resented Mrs. Alvarado's attempt to collect damages therefor. I think it reasonable to believe that we might thus account for the $1,250.00 figure found by the jury to be the "reasonable charge * * * for such medical services, hospital services, and neck brace, if any, heretofore necessarily incurred, if they were, by Mrs. Alvarado in the treatment of the injuries, if any, sustained by her as a proximate result of the occurrence in question."

In my opinion it would be unrealistic to conclude that personal injuries of nature and consequence sufficient to occasion Mrs. Alvarado's hospitalization and reasonable and necessary expenditure of $1,250.00 in hospital and medical expenses could cause only $100.00 in damages for her pain and anguish, etc., aside from any question upon the husband's loss of her services.

No matter what one might "dream up" as reflected in the evidence absent from Statements of Facts in this particular case the $1,250.00 finding (on medical) would necessarily conflict with the $100.00 finding (on general damages). The $1,250.00 finding is not under attack by either of the litigants; the $100.00 finding is under attack by Mrs. Alvarado and her husband. If one accepts the figure of $1,250.00 as properly reflecting the reasonable medical and hospital expenses necessarily incurred he must acknowledge that the figure of $100.00 would be manifestly inadequate general damages. Nothing which might have been reflected in that part of the Statement of Facts not presented could have demonstrated adequacy of the $100.00 and its inadequacy is necessarily proven.

I would reverse the judgment and remand the cause.