Mary Theresa MILLER et al.,
Appellants,

v.

Dr. Robert C. HARDY et al., Appellees.

No. 6637.

Court of Civil Appeals of Texas,
El Paso.

Jan. 11, 1978.
Rehearing Denied Feb. 8, 1978.

John H. Holloway, Houston, for appellants.

Groce, Locke & Hebdon, Thomas H. Sharp, Jr., Thomas H. Crofts, Jr., Lang, Cross, Ladon, Boldrick & Green, Paul M. Green, San Antonio, for appellees.

## OPINION

PRESLAR, Chief Justice.

This is a medical malpractice action against a hospital, anesthesiologist, surgeon and assisting surgeon. Questions involved are the propriety of a directed verdict and rulings on the admissibility and inadmissibility of certain evidence. Plaintiff appeals from a take nothing judgment. We affirm.

Trial was to a jury and when the Plaintiff rested, the trial Court instructed a verdict in favor of Appellees, Hardy and Branch, and subsequently, after a jury verdict favorable to the anesthesiologist and the hospital, judgment was entered that Plaintiff take nothing against all Defendants.

Appellant's husband, John Miller, underwent surgery by Drs. Hardy and Branch on the sciatic nerve in his left buttock. Thereafter, he suffered paralysis from the waist down, and it is the contention of Appellant that the paralysis resulted from injury to his spinal cord while he was being rolled either from the stretcher to the operating table or from the operating table to the stretcher. Appellant's first point of error is that the trial Court erred in directing a verdict as to Drs. Branch and Hardy since the evidence raised a fact issue as to whether or not they participated in moving the patient while he was under anesthetic and at a time that the Plaintiff's evidence shows that the injury could have occurred, and the pleadings and evidence raised a theory of res ipsa loquitur. As to the status of the law in Texas, it is probably best stated in *Goodnight v. Phillips*, 418 S.W.2d 862 (Tex.Civ.App.—Texarkana 1967, writ ref'd n. r. e.), wherein the Court said: "There are only very, very few instances where a pleading of res ipsa loquitur is applicable in medical malpractice cases." We do not decide whether this case is one in which the doctrine would be applicable. Rather, we assumed, without deciding, that it would be applicable and hold that Plaintiff failed to make out a case under the doctrine. One factor or element of the doctrine is that the instrumentality causing an injury is shown to have been under the management and control of the Defendant. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245 (Tex.1974). Appellant, as Plaintiff, pled and proved that the anesthetist was in charge at all times during the surgical proceedings, except for the actual surgery itself. Appellant then proved that his injuries did not occur as a result of the surgery. Surgery being the only thing under the control of Drs. Hardy and Branch, this evidence definitely excludes them from the application of the doctrine. Also, it should be noted that the paralysis did not become apparent to anyone until some four

hours after the surgical procedure—a further reason to hold that the doctrine is inapplicable to the two Doctors whose only involvement was during the time of the actual surgery.

Plaintiff's suit is bottomed on the allegation that her husband sustained traumatic injury of the spinal cord while under anesthetics. She sought to prove that this happened when he was rolled from the stretcher onto the operating table or when the procedure was later reversed after surgery. The only testimony connecting either Appellee Hardy or Appellee Branch with the movement of the patient from the stretcher to the operating table and back was the following by the anesthesiologist, Dr. Rabke:

"Q. All right. Who rolled him?

"A. Myself, a nurse and two orderlies, and I think one of the doctors. * * * "

This was the only evidence in the record as to the possible involvement with these two Appellees; neither had been called as a witness at that point, but after the directed verdict had been granted and the case proceeded to the jury as to the other Defendants, Dr. Hardy was called as a witness and testified as to his possible involvement. This belated testimony would have no bearing on the direction of the verdict and it is not considered.

 Considering the testimony in the light most favorable to the Appellant and indulging every intendment reasonably deductible from the evidence in favor of the Appellant, as we are required to do under *Air Conditioning, Inc. v. Harrison-Wilson-Pearson*, 151 Tex. 635, 253 S.W.2d 422 (1952), we conclude that an issue of fact is not raised and that the trial Court properly granted the directed verdict. These two doctors were not sued jointly or as partners but as individual Defendants. The maximum of the evidence is that "one" of the doctors helped roll him. At best, the jury could only speculate as to which one.

By Points of Error 3 through 20, Appellant complains of the action of the Court in admitting into evidence certain records from the Veteran's Administration Hospital in Houston, Texas, marked as Defendant's Exhibit 1B. These records came into Court attached to the deposition of one Dr. Conde. Dr. Conde had never seen or examined the patient, but prior to giving his deposition at Appellant's request, he reviewed these records and other hospital records. In taking Dr. Conde's deposition, Appellant identified each of these hospital records and had them marked as an exhibit and attached to the Doctor's deposition. On trial, Appellant offered in evidence portions of Dr. Conde's deposition in which the Doctor read portions of the exhibits and then expressed opinions based thereon. After Appellant offered portions of Dr. Conde's deposition, Appellees then offered portions of it, including an opinion by the doctor based on the Veteran's Administration Hospital record, and thereafter Appellant made further offerings from the deposition.

 Appellant's objections are first to the admission of these hospital records as a whole. She then has separate points of error as to specific portions of the records. We are of the opinion that the records were admissible for the limited purpose of showing the basis of the doctor's opinion, and there being no request that they be so limited, their admission without such limitation is waived.

The rule is stated by Wigmore:

"A physician testifying as to a patient's health may be asked, like any other witness, for the *reasons for his conclusions*—either on direct examination, to show his opinion well-founded (Sec. 655 supra), or on cross-examination, to show it ill-founded (Secs. 992, 994 supra); and incidentally the fact that it is in part or entirely founded on the statements of the patient or of others may thus be brought out. * * * "

6 Wigmore, Evidence, Sec. 1720 (Chadbourn rev. 1976). The rule is particularly applicable here because these hospital records were the sole basis of the doctor's information. This Court, in an opinion by Judge Ward, quoted from Professor McCormick's works as follows:

" * * * The correct rule, we believe, is set forth in McCormick & Ray, Texas Law of Evidence Sec. 835:

" 'It is the general rule that an expert witness, having testified to an opinion, is permitted to give in evidence, either in direct or cross-examination, an account of the basis upon which he founds the opinion. * * * Accordingly, when a physician has observed and been consulted by a patient, and testifies as an expert witness with reference to the nature of the ailment, his evidence, in giving the reasons for his opinion, as to statements made to him by the patient upon which his opinion has been partly founded is admissible. Since they are not offered as evidence of the facts declared but merely as an explanation of the previous opinion, they are not hearsay and hence are not subject to the restrictions which hedge in the use of such declarations as hearsay.' "

*Travelers Insurance Company v. Smith*, 448 S.W.2d 541 at 543 (Tex.Civ.App.—El Paso 1969, writ ref'd n. r. e.). This Court then cited *Walker v. Great Atlantic & Pacific Tea Co.*, 131 Tex. 57, 112 S.W.2d 170 (1938); *Bean v. Hardware Mutual Casualty Company*, 349 S.W.2d 284 (Tex.Civ.App.—Beaumont 1961, writ ref'd n. r. e.). To those authorities may now be added *Lewis v. Southmore Savings Association*, 480 S.W.2d 180 (Tex.1972). The limited purpose rule is often employed in the trial of condemnation cases where the expert appraiser testifies as to market value. Evidence of facts surrounding other sales is admissible for the limited purpose of showing what the appraiser considered in arriving at his opinion of value, though not as direct original evidence of the facts as to such sales. *State v. Oakley*, 163 Tex. 463, 356 S.W.2d 909 (1962); *State v. Baker Bros. Nursery*, 366 S.W.2d 212 (Tex.1963).

■ It is the duty of the party objecting to the introduction of evidence which is admissible for one purpose but not for another to request the Court to limit the purpose for which it might be considered, and failing to do so he may not be heard to complain that the jury may have considered the evidence for other purposes. *Fisher Construction Company v. Riggs*, 320 S.W.2d 200 (Tex.Civ.App.—Houston), rev'd on other grounds, 160 Tex. 23, 325 S.W.2d 126 (1959); *Travelers Insurance Company v. Barrett*, 366 S.W.2d 692 (Tex.Civ.App.—El Paso 1963, no writ); *Texas Power & Light Company v. Adams*, 404 S.W.2d 930 (Tex.Civ.App.—Tyler 1966, no writ); 23 Tex.Jur.2d Evidence, Sec. 122, p. 173 (1961).

■ By Points of Error 21 through 26, Appellant complains of the admission into evidence of Renger Memorial Hospital Records. By specific objections to certain portions of the records, Appellant objects to them as being medical opinions as to which medical minds could differ and not being subject to cross-examination. It is held that the determination of whether hospital records consist of a factual statement by physicians so as to be admissible or consist of opinions or diagnoses as to which medical minds could differ should be left largely to the sound discretion of the trial Court. *Martinez v. Williams*, 312 S.W.2d 742 (Tex.Civ.App.—Houston 1958, no writ). Appellant has failed to show specifically or demonstrate wherein the contents of the Renger Memorial Hospital Records are subject to reasonable medical differences. Additionally, no abuse of discretion is shown. The records of the Renger Memorial Hospital are proven up through a written deposition of the custodian. The requirements of Tex.Rev.Civ.Stat.Ann. art. 3737e were met and there was no error in their admission.

■ The jury was apprised by various comments of counsel for all parties during the trial that another lawsuit was involved for the identical injury. In the course of testimony by the deceased's son, he was asked if the jury awarded any sum of money in the other trial. The Court sustained Appellees' objection that the matter was irrelevant, and Appellant assigns error to such ruling. Appellant argues that the jury not being informed of the results of that trial, they were left with an inference that the Plaintiff had recovered for injuries in

the first suit and was now seeking to recover a second time in the case before them. The only information the jury had was that there had been another lawsuit. From that, they could have reached the inference which the Appellant urges. However, since the Defendants objected, the jury could have inferred also that the Appellant won the prior case and thus had established the justness of his cause and set a precedent for them to follow in this case. Thus, the situation presents only speculation as to what the jury may have inferred and forms no basis for reversible error under Rule 434, Tex.R.Civ.P.

 By Issue No. 1, the jury refused to find that Mr. Miller suffered an injury while under a general anesthetic and, by Issues Nos. 3 and 5, the jury refused to find that he sustained an injury due to the negligence of either Dr. Rabke, the anesthesiologist, or Baptist Memorial Hospital or their agents, servants or employees. These are issues on which the Appellant had the burden of proof and the negative findings call for an inquiry as to whether or not the Appellant carried the burden of proof. Appellant's points of error are phrased in terms that the evidence, as a matter of law, supports a contrary finding as to each issue, and the negative findings are against the great weight and preponderance of the evidence. *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112 (Tex.1976).

 In considering the matter of law points, we have disregarded all evidence to the contrary, considered only the evidence and inferences favorable to the Appellant's position, and we overrule these legal sufficiency points. In considering the points as to the factual sufficiency of the evidence, we have considered all of the evidence, both pro and con, and those points are overruled.

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.