Emma Lee JOHNSON, Appellant,

v.

ESTATE OF Sarah Douglas SULLIVAN, Deceased, Appellee.

No. 8942.

Court of Civil Appeals of Texas, Texarkana.

June 9, 1981.

Michael Greenberg, Arlington, Don C. Alexander, Chris A. Lingwall, Dallas, for appellant.

Douglas A. Barnes, Dallas, for appellee.

BLEIL, Justice.

This appeal is from an order denying the probate of one will and admitting to probate a prior will.

Appellant, Emma Lee Johnson, presents evidentiary points of error. We overrule these points and affirm the judgment entered after a non-jury trial.

Sarah Douglas Sullivan died when she was 90 years old, on January 14, 1980. In April of 1975, Mrs. Sullivan made a will naming her niece, Lesta Ann Smith, and her niece's husband, Donald Smith, as beneficiaries. Mr. Smith was named as Executor in that will. In March of 1978, and at the age of 88 years, Mrs. Sullivan made a will naming as sole beneficiary and executrix Emma Lee Johnson, who at that time had been Mrs. Sullivan's nurse for approximately three weeks.

Emma Lee Johnson applied for the admission to probate of the 1978 will. The Smiths contested this application and sought to have the 1975 will admitted. The contest to the 1978 will was on two bases, (1) that Mrs. Sullivan lacked testamentary capacity; and, (2) that undue influence was exerted upon her in order to get her to make the will. Most of the evidence which was adduced at trial pertained to the mental capacity of the deceased at the time of the making of the latter will.

In support of their contest, the Smiths called several witnesses. Lesta Gilbert, Mrs. Sullivan's sister-in-law and the mother of Lesta Ann Smith, stated that she had

known her for approximately sixty years. She told of a close relationship she and her daughter had maintained with Mrs. Sullivan. In early March of 1978, she stayed with the deceased for a week to ten days. During that time she described Mrs. Sullivan as being childlike and unable to recognize people. She further stated that the deceased did not know the time or date and was unable to communicate. On one occasion she took Mrs. Sullivan to the beauty shop to have her hair fixed. Mrs. Sullivan was unable to talk to the beauty operator or pay for the charges. Mrs. Gilbert testified that on March 30, 1978, Mrs. Sullivan did not have the mental ability to engage in the business of making a will, to understand the nature and extent of her property, to know of any claims against her, to know her next of kin, to transact business, and that she was unable to form a reasonable judgment. She further stated that Sarah Sullivan was not in her right mind when she signed a will leaving all of her possessions of 88 years to Emma Johnson, who had only been hired as her nurse two weeks earlier.

Fay Lee Campbell testified that she had worked as a nurse's aide in the home where Sarah Sullivan lived in October of 1977. It was her testimony that at that time she did not have the mental ability to make a will or to understand the nature of her property, know her next of kin or to make any business judgment or decision.

A Dr. Howard Parness examined Mrs. Sullivan on March 2, 1978, and continued to treat her as a physician until her death. During that period he treated her between 50 to 100 times. Dr. Parness diagnosed her as having a severe degree of organic brain-syndrome and gave his opinion that at the time the will was made Mrs. Sullivan would not have had the mental ability to make the will or to understand its effect, the nature of her property, the nature of her next of kin, and would be unable to form a reasonable judgment. He relayed that her condition was like this from the time he first saw her until her death. Dr. Henry Mobley diagnosed Mrs. Sullivan in February of 1976 as having cerebral vascular disease with intention tremor arteriosclerosis, commonly know as hardening of the arteries.

Other evidence was received concerning her mental condition at the time of, and the events surrounding, the execution of the will. In support of the will, the persons present at the execution of the 1978 will were called by Emma Lee Johnson. These witnesses stated they satisfied themselves that Mrs. Sullivan understood what she was doing and that she desired to execute the will and dispose of her property in the manner stated in the document. At the conclusion of the trial, findings of fact and conclusions of law were made. Among other things, the court found and concluded that (1) Mrs. Sullivan did not possess testamentary capacity that would enable her to make a valid will in March of 1978; (2) that at the time of the signing of the will Mrs. Sullivan was under undue influence from Emma Johnson; and, (3) that the will dated April 9, 1975, was not revoked and was entitled to be admitted to probate.

■■■ Ordinarily, if there is some evidence of a substantial and probative nature to support the trial court's findings of fact, they are controlling and will not be disturbed on appeal. *Harris County Flood Control District v. Shell Pipe Line Corporation*, 591 S.W.2d 798 (Tex.1979); *Commercial Union Assurance Company v. Foster*, 379 S.W.2d 320 (Tex.1964). In our review of appellant's no evidence points, we must view the evidence in the light most favorable to the appellee and indulge every reasonable inference deducible from the evidence in support of the findings of fact. Applying these standards, there is some evidence to support the findings of fact. Appellant also complains that the evidence is insufficient to support the fact findings of the trial court. We have thoroughly considered and weighed all the evidence, including the evidence contrary to the trial court's judgment. *Harrison v. Chesshir*, 159 Tex. 359, 320 S.W.2d 814 (1959); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952). Our consideration of these points results in the conclusion that there is sufficient evidence to support the findings of the trial court.

The crux of the argument of Appellant Johnson is that the proper inquiry in a will contest on the ground of testamentary incapacity is the condition of the testator's mind on the day the will was executed and not upon dates prior to or subsequent to the execution of the will. *Lee v. Lee*, 424 S.W.2d 609 (Tex.1968), and *Chambers v. Chambers*, 542 S.W.2d 901 (Tex.Civ.App.—Dallas 1976, no writ), are cited by the appellant in support of this proposition. We agree with the proposition but find nothing to indicate this proper inquiry was not made or that the trial court in any manner improperly applied the law. Further, although the proper inquiry is the condition of the testator's mind on the day the will is executed, the court may also look to the state of the testator's mind at other times to the extent it shows the testator's state of mind at the time of execution. *Chambers v. Chambers*, supra. Mental states existing prior or subsequent to the time of the execution of a will may tend to show that the same mental condition existed at the moment of execution. 1A Ray, Texas Evidence § 896 (3rd ed. 1980). In this cause there is probative evidence to support all of the findings made the basis of the judgment.

The judgment is affirmed.