**DORCHESTER GAS PRODUCING COMPANY, Appellant,**

v.

**Bob BULLOCK, et al., Appellee.**

**No. 9180.**

Court of Appeals of Texas, Texarkana.

Feb. 21, 1984.

Rehearing Denied March 20, 1984.

Harrell Feldt, Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for appellant.

Jim Mattox, Atty. Gen., Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for appellee.

BLEIL, Justice.

In this gas production tax protest suit, Dorchester Gas Producing Company appeals from the determination that it owes $66,458.00 additional tax. Dorchester maintains that the trial court erred in allowing the State to tax a gas processing procedure, and in allowing the State to impose double taxation on the same gas product. Dorchester further claims that the audit method used by the Comptroller was against the great weight of the evidence. We consider the points of error to be evidentiary. We find sufficient evidence to support the trial court's judgment in all respects, and we fail to find it to be against the weight of the evidence.

In 1954, Dorchester acquired certain gas reserves together with the rights in a contract under which it agreed to sell the natural gas it produced from these reserves to Northern Natural Gas Company. One provision of the contract expressly reserves in favor of Dorchester all of the natural gasoline and other liquefiable hydrocarbons contained in the gas.

Pursuant to the agreement, Dorchester produced the gas and delivered it to Northern at the site of the gas wells, or the wellhead. Northern transported the natural gasoline and other liquefiable hydrocarbons, reserved by Dorchester, to Dorchester's plant for processing. Dorchester extracted the liquid hydrocarbons and sold them to various purchasers, then delivered the remaining residue gas to Northern. Northern purchased this gas at the processing plant.

Over the years the value of liquefiable hydrocarbons has increased. This increase prompted the Comptroller to question whether the State was losing tax on the liquids. All gas producers receiving or reserving liquids for processing were required to report the amount received or reserved. Dorchester has been filing these reports, but until the tax imposed, which is the center of this controversy, had not been required to pay taxes on anything other than the gas it sold at the wellhead. After the Comptroller audited Dorchester's records for the years 1970 to 1977, he assessed additional gas production tax against Dorchester. This additional tax amounted to $66,458.00.

Dorchester contends that Articles 3.01 and 3.02 of the Tex.Tax—Gen.Ann., et seq. (Vernon 1959, recodified Tex.Tax Code § 201.051, et seq. Vernon 1982) do not allow the Comptroller to tax the business of processing natural gas liquids. It claims that under the Comptroller's procedures it is being taxed twice for the same gas, and that the Comptroller's tax methods are erroneous. Because the trial court found against Dorchester concerning each of these claims, they are all evidentiary in nature. In reviewing no evidence points, we consider only the evidence which supports the trial court findings and view it in the light most favorable in support of the

finding. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400 (Tex.1981). In considering insufficiency of the evidence, or whether a finding is against the overwhelming weight of the evidence, we thoroughly consider and weigh all of the evidence, including the evidence contrary to the trial court's judgment. *Watson v. Prewitt,* 159 Tex. 305, 320 S.W.2d 815 (1959); *Harrison v. Chesshir,* 159 Tex. 359, 320 S.W.2d 814 (1959). We now consider the particular points.

■ No issue exists as to the propriety of the tax method used, or the tax imposed on the gas sold by Dorchester to Northern at the wellhead. We are concerned with the method of taxing and tax the imposed for the gasoline and liquefiable hydrocarbons not sold at the wellhead but processed and later sold. When gas is not sold at the wellhead, the market value at the mouth of the well can be measured by the total proceeds of the sale of gas components after processing less the transportation and processing costs. *Mobile Oil Corporation v. Calvert,* 451 S.W.2d 889 (Tex.1970).

■ The trial court found that Dorchester was not taxed on the business of processing the liquids, but that the Comptroller simply taxed that gas produced but not sold at the wellhead. Several witnesses gave testimony supporting these findings. C.G. Edgar, director of the Mineral Tax Division of the Comptroller's office, testified that no taxes were imposed on the activity of processing but that the gas produced from the residues retained by producer was later taxed just as if it had been sold at the wellhead. James Hart, an auditor for the State, testified as to the procedure followed in assessing the tax against Dorchester. Under the Comptroller's procedures, Dorchester was allowed a deduction based upon the cost of processing the residue and that the tax imposed was based on the value at the wellhead. The Comptroller determined the value of the liquids being sold by Dorchester to its buyers, and allowed Dorchester an eighty per cent processing cost leaving twenty per cent of the material sold as the market value of the liquids at the wellhead. Ample evidence supports the finding that Dorchester was not taxed on the business of processing and was not compelled to pay a double tax.

We also find that the great weight of the evidence does not demonstrate that the audit method used by the Comptroller is erroneous. Several witnesses testified regarding the precise nature of the method used by the Comptroller, and indicated their opinions that the method used was a proper one. For this reason the Comptroller's method and audit procedure is not shown to be erroneous by the overwhelming weight of the evidence. Additionally, in order for Dorchester to prevail upon this point it must show not only that the taxes were computed in an erroneous fashion, but also the amount and extent of the error made by the Comptroller. *Calvert v. Union Producing Company,* 154 Tex. 479, 280 S.W.2d 241 (1955); *Baker v. Bullock,* 529 S.W.2d 279 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). Dorchester failed to go forward by presenting evidence of the amount of overpayment it claims was caused by the Comptroller's error.

We overrule the points of error and affirm the judgment.