Curtis L. HOUTS and Linda J. Houts, Appellants,

v.

Fowler D. BARTON and Reba M. Barton, Appellees.

No. 01–82–0747–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 22, 1983.

Daniel Pappas, Houston, for appellants.

Monroe Talley, Houston, for appellees.

Before WARREN, DOYLE and DUGGAN, JJ.

## OPINION

WARREN, Justice.

Appellants bring this limited appeal complaining only that the trial court erred in setting aside the jury's award of attorneys' fees, and in failing to award prejudgment interest on the amount awarded by the jury.

We modify the judgment by reinstating the award of attorney's fees, but affirm the trial court's disallowance of prejudgment interest.

On May 29, 1978, appellant and appellees entered into an earnest money contract whereby appellants agreed to purchase a home owned by appellees. Pursuant to the contract, appellants deposited $2500, as earnest money with appellees. The contract was *not* dated nor was the paragraph pertaining to financing conditions completed. Appellants contended that they were entitled to the return of the earnest money because they were unable to obtain financing and therefore, were not obligated to purchase the house under the agreement. Appellees denied that there was any such agreement.

In 1979, the court granted appellants' motion for summary judgment for the amount of the earnest money plus attorney's fees of $833.33.

On appeal from that judgment, the 14th Court of Appeals found that the contract was ambiguous because the paragraph pertaining to financing had not been completed and that this ambiguity could only be resolved by admitting extrinsic evidence on the question of whether the contract was conditioned on appellants obtaining financing. The court reversed the judgment and remanded the cause for a trial on the merits.

The second trial was by jury, which in answer to special issues found that:

(1) the purchase of the house was conditioned upon appellants securing financing;

(2) appellants were unable to meet the condition with regard to the purchase; and

(3) reasonable attorneys fees for the preparation and trial of the case by appellants' attorney was $6800.

The trial court, in its judgment, disregarded the jury's answer regarding attorneys' fees and entered judgment for appellants for $2500 and costs of court.

The appellate record contains neither a motion for judgment non obstante veredicto nor a motion to disregard any special issue. However, both appellants and appellees, in their briefs agreed that a motion for judgment non obstante veredicto was filed and ruled on by the court.

The main issue on this on appeal arises from testimony given by appellant's attorney regarding attorneys' fees. In support of appellants' claim for attorney fees, appellants' attorney testified as to all work performed by him. That testimony included the work performed in the first appeal and did not include a fiscal breakdown for each step, and only set forth the total number of hours spent in preparing the case for the two trials and appeal, and the reasonable cost per hour for such work. However, no objection was made to that testimony.

Appellees contend that appellants are not entitled to attorneys' fees because the time spent on the previous appeal was included in the testimony on attorneys' fees and there was no way that the jury could mathematically delete this unallowable amount. They also contend that the time spent on the former appeal should not be recoverable in the attorneys' fees award because the court of appeals awarded costs to appellees herein and this necessarily meant that attorney fees were not recoverable for that part of the proceedings.

The trial court apparently agreed because the judgment recites that the award of attorneys' fees by the jury was set aside in response to appellees' motion for judgment non obstante veredicto because appellant presented attorneys' fees testimony on work performed on the first appeal, which was not properly recoverable in the present action, and therefore "the court has no means of determining a reasonable fee for Plaintiff's-attorney."

Appellants contend that the court erroneously disregarded the jury's answer to the attorneys' fees issue because there was evidence to support the issue, and even if there was no evidence to support the issue, the court was not authorized to set aside the jury's answer to only one issue on a motion for judgment non obstante veredicto.

Our main question is whether testimony, which includes evidence of attorneys' fees not properly recoverable, renders the entire testimony a nullity and reduces the entire evidence established by the testimony to the status of "no evidence." We hold that it does not.

Without deciding whether the work performed by appellants' attorney on the first appeal should have been excluded, we hold that appellees had a duty to object at the first opportunity, to this testimony, if they considered it objectionable, or have any objection to it waived. *Champion Mobile Homes v. Rasmussen,* 553 S.W.2d 237, 240 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). The testimony of appellants' attorney, even though it might have included inadmissible matters, or evidence regarding work not properly recoverable for attorneys' fees, did include probative evidence which would support the jury's answer on the issue of attorneys' fees. Although appellants' attorney testified that a reasonable fee for all work performed (including the work on the former appeal) was $8600, the jury awarded only $6800; so it could be argued that the jury excluded the work on the former appeal. If there is any evidence of probative value to support the jury's answer to an issue, it is error for the trial court to disregard the answer. *Mitchell v. Porter,* 349 S.W.2d 785, 786 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.). Appellee

urges that we should affirm the judgment under Tex.Rules Civ.Pro. 434, which states that no judgment should be reversed on appeal unless the error complained of amounted to such a denial of rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of a proper judgment. We can see no reason to apply the rule in this cause. If there was error, it caused appellant to lose the $6800 awarded to it by the jury. We do not consider this to be harmless error.

Appellants' first, second and third points of error complaining of the trial court's disregarding the jury's answer to special issue 3(a) are sustained.

In its remaining point of error, appellant contends that the trial court erred in failing to award prejudgment interest. Appellants have presented no authority for allowing prejudgment interest on this written contract. The contract was apparently drawn by the parties without benefit of counsel. It was not dated nor were blanks in the printed paragraph pertinent to financing filled in. We hold that since the contract did not provide for the return of the earnest money or set a certain ascertainable date or time, appellants were not entitled to prejudgment interest. Tex. Rev.Civ.Stat.Ann. art. 5069–1.03, *Republic Nat. Bank v. Northwest Nat. Bank*, 578 S.W.2d 109 (Tex.1978).

The parties have made other contentions which we do not consider necessary to the determination of this appeal, therefore, they are not discussed in this opinion. Also, some contentions made concerned documents not included in the appellate record. For example, numerous references were made to the opinion and holdings of the 14th Court of Appeals in its opinion and judgment concerning the first appeal, but the unpublished opinion or judgment was not made part of the record. Except for the motion for new trial filed by appellant, no post judgment motions were included in the record. Limited appeals are favored by the appellate courts, but we emphasize that documents alluded to, which the litigants depend on for relief, should be included in the record unless both sides stipulate to their contents.

The judgment of the trial court setting aside the jury's award of attorneys' fees is reversed, and a judgment of $6800 is rendered for appellant, as awarded by the jury; the judgment is otherwise affirmed.