Joe S. OSOBA, et al, Appellant,

v.

William H. BASSICHIS, et al, Appellee.

No. C14–83–408CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 13, 1984.

Russell H. McMains, Edwards, Perry, McMains & Constant, Corpus Christi, for appellant.

Gregory N. Jones, Hill, Parker, Franklin, Cardwell & Jones, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a judgment awarding actual damages and attorney's fees to Appellees, William H. Bassichis, Peyton Waller, Larry Satterwhite, and Ed Fry. Appellants, Joe S. Osoba and American Iso-Metrics, Inc., by failing to request appropriate instructions, have waived the right to complain of the special issues asking about actual damages and attorney's fees. We, therefore, affirm.

Appellees and three others filed suit seeking to recover damages against Appellants alleging that they had been induced to enter into a limited partnership on the basis of material misrepresentations and omissions by Osoba. Additionally, the petition alleged a breach of fiduciary duty, breach of the partnership agreement, and sought to pierce the corporate veil of American Iso-Metrics, Inc., so that Osoba, as sole shareholder and President, would be personally liable.

Osoba, a Professor of Petroleum Engineering at Texas A & M University, became interested in a procedure for exploring for and producing natural gas from wells drilled at shallower depths than had previously been explored. Osoba obtained an interest in a natural gas well which was placed into a limited partnership named Subsurface Energy Venture. American Iso-Metrics, Inc. was the sole general partner of this limited partnership. Osoba was the sole shareholder, director and officer in American Iso-Metrics. The seven plaintiffs were among the twenty-three limited partners.

The case was tried before a jury. The jury found: that Osoba made material misrepresentations of fact regarding the transaction in question to Appellees; Appellees reasonably relied upon the misrepresentations made by Osoba; American Iso-Metrics failed to perform its obligations under the limited partnership agreement; Osoba failed to perform his obligations under the partnership agreement; American Iso-Metrics, as general partner, breached its fiduciary duty to Appellees; Osoba breached his fiduciary duty to Appellees; Appellees sustained damages in the amount of $69,000 and the reasonable attorney's fees for the services of Appellees' attorney would be $39,000. The jury failed to assess exemplary damages.

Appellants do not directly contest the jury findings on the various liability issues but do attack the jury's responses to Special Issue No. 11 (damages) and Special Issue No. 12 (attorney's fees). Appellants' first six points of error attack the failure to include an explanatory instruction on the proper measure of damages in connection with Special Issue No. 11; the legal and factual sufficiency of the evidence to support the findings of damages under any proper measure of damages; and the act of the trial court in rendering judgment on the basis of the jury's findings on Special Issues Nos. 5 and 6 because there was no showing that the damages found in Special Issue No. 11 were caused by the acts found in the response to Special Issues Nos. 5 and 6.

Appellant's first six points are all centered upon the failure of the court's charge to include an instruction on the proper measure of damages the jury could consider when answering Special Issue No. 11. In general, we agree that the charge to the jury should contain an instruction on

the proper legal measure of damages that the jury may consider. However, we do not reach the issue of whether the trial court erred in failing to include such an instruction.

In order to complain on appeal about the charge to the jury, the complaining party must preserve the question for review. The failure to submit an instruction is not an adequate ground for reversal of a judgment unless the complaining party has requested and tendered in writing a substantially correct instruction. TEX.R. CIV.P. 279. This requirement is equally applicable regarding the failure to instruct the jury on the proper measure of damages that they can consider. *Texas Power and Light Company v. Barnhill*, 639 S.W.2d 331, 334 (Tex.App.—Texarkana 1982, writ ref'd n.r.e.); *Guerra v. Brumlow*, 630 S.W.2d 425, 429 (Tex.App.—San Antonio 1982, no writ); *Miller v. Patterson*, 537 S.W.2d 360, 364 (Tex.Civ.App.—Fort Worth 1976, no writ). Appellants did not even object to the submission of Special Issue No. 11. In the absence of a tender of a written instruction in substantially correct form, Appellants have waived the right to complain of the lack of an instruction on the measure of damages to be considered by the jury. In addition, Appellants have waived any error committed by the jury in measuring damages, even if the jury considered improper or insufficient evidence, by failing to object to Appellees' evidence on damages and by failing to request an instruction on the proper measure of damages. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538 n. 4 (Tex.1981). Appellants' points of error one, two, three and six are overruled.

The fourth and fifth points of error are that the trial court erred in rendering judgment for the Appellees on the basis of the jury responses to Special Issues Nos. 5 and 6, respectively, because there was no evidence or findings that the acts so found resulted in the damages found by the jury in Special Issue No. 11. In deciding a "no evidence" point of error, this court must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). Special Issue No. Five asked the jury if American Iso-Metrics failed to perform its obligations under the limited partnership agreement. Special Issue No. Six asked if Osoba had failed to perform his obligations under the limited partnership agreement. The jury found that both Appellants failed to perform their obligations under the limited partnership agreement. There is some evidence that the breaches of the partnership agreement by Appellants caused financial harm to Appellees.

The general principle governing damages in a breach of contract cause of action is that the complaining party is entitled to recover the amount necessary to put him in as good a position as if the agreement had been performed. *Chrysler Corporation v. Schuenemann*, 618 S.W.2d 799, 805 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Osoba had the responsibility for the maintenance of the books, records and accounts of the partnership. Osoba also agreed to have the partnership records audited annually by a certified public accountant. There was evidence that he failed to meet these responsibilities. Due to his failure to keep accurate records, there was a shortage of more than $18,000 in partnership revenues that could not be explained. There was also testimony that Osoba had not accounted to Appellees for the sale of well equipment even though the partnership had received $24,-000 from that sale. There is some evidence that Appellants' failure to perform their obligations under the partnership agreement caused a portion of the damages found by the jury. Appellants' fourth and fifth points are overruled.

The seventh through eleventh points of error deal with the trial court's action in rendering judgment for attorney's fees for Appellees in accordance with Special Issue No. 12. Appellants' seventh point of error is that the trial court erred in rendering judgment for attorney's fees be-

cause there is no evidence or insufficient evidence to support a recovery of actual damages on a breach of contract theory. Appellants argue that a recovery of attorney's fees can be allowed only in the event of a recovery by the plaintiff on the very liability theory upon which the right to attorney's fees is dependent. *Harrison v. Dallas Court Reporting College, Inc.*, 589 S.W.2d 813, 817 (Tex.Civ.App.—Dallas 1979, no writ). We agree that in this case Appellees needed to recover upon their breach of contract theory in order to be entitled to attorney's fees. However, looking at the entire record, we believe that the evidence was sufficient to show breaches of the partnership agreement and that Appellees suffered actual damages from those breaches. Appellants' seventh point of error is overruled.

■ The eighth point of error is that the trial court erred in rendering judgment for the full amount of attorney's fees found by the jury because three of the seven plaintiffs did not prevail on any liability theory against the Appellants. Appellants argue that there should be a pro rata reduction in the attorney's fees awarded based on the fact that three plaintiffs were unsuccessful. Appellants offer no authority in favor of such a requirement and have waived this argument. *Arndt v. National Supply Company*, 650 S.W.2d 547, 548 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). The work done by the attorneys was equally applicable to both the successful and unsuccessful plaintiffs. The trial court did not err in failing to order a pro rata reduction of the attorney's fees. Appellants' eighth point of error is overruled.

The ninth point of error is that there was insufficient evidence to support the jury's response to Special Issue No. 12 on attorney's fees because there is no evidentiary basis for a division of the attorney's fees between the successful and unsuccessful plaintiffs and between the causes of action that allow a recovery of attorney's fees and those causes of action which do not. In a related argument, Appellants in the tenth point of error assert that a remittitur should be ordered by this court because three of the seven plaintiffs were unsuccessful and because there was no allocation of the amount of attorney time spent on causes of action that allow a recovery of attorney's fees.

■ Appellees did introduce evidence on the issue of attorney's fees but there was no evidence of attorney's fees incurred as to each cause of action and each individual. Appellants argue that because the testimony as to attorney's fees did not allocate between the individual plaintiffs and separate causes of action, there is insufficient evidence to support the award. If Appellants felt that Appellees had a duty to allocate the attorney's fees between the plaintiffs and theories of recovery, Appellants had a duty to object to the testimony or have any obligation waived. The testimony about attorney's fees introduced by Appellees' attorney, even if it included work for which Appellees' could not recover attorney's fees, if not objected to by Appellants, was a sufficient basis for the jury's award of attorney's fees. *Houts v. Barton*, 657 S.W.2d 924, 926 (Tex.App.—Houston [1st Dist.] 1983, no writ). The ninth and tenth points of error are overruled.

■ The eleventh point of error is:
The trial court erred in not requiring the plaintiffs to elect upon which theory they purportedly recovered actual damages as found in answer to special issue No. 11, since under all but one of the theories argued by the four successful plaintiffs in support of their judgment do not permit the recovery of any attorney's fees whatsoever.

Appellants have failed to show that the error, if any, was harmful error. As stated above, Appellants breached the partnership agreement and those breaches caused actual damage. In this case, Appellees were successful in showing that they were entitled to attorney's fees under a breach of contract theory. The eleventh point of error is overruled.

The twelfth point of error is that the trial court erred in rendering a judgment against the Appellants for all of the costs since three of the plaintiffs were unsuccessful. Appellants seek to apportion the costs in part onto the losing plaintiffs. As a general rule, "the *successful party to a lawsuit shall recover of his adversary* all costs incurred therein... (emphasis added)." TEX.R.CIV.P. 131. Since the unsuccessful plaintiffs were not the adversaries of the Appellees, Rule 131 provides no basis for the allocation of costs for which Appellants argue. Rule 141, TEX.R.CIV.P. does allow the trial court to make a different allocation of costs upon a showing of good cause. However, Appellants have failed to show that the trial court committed an abuse of discretion by rendering judgment against Appellants for all of the costs. The twelfth point of error is overruled.

The judgment is affirmed.