Geoffrey S. BAYLISS, Appellant,

v.

Paul J. CERNOCK, et al., Appellees.

No. B14–87–00800–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 25, 1989.

Rehearing Denied July 13, 1989.

Van E. McFarland, James D. Pierce, Houston, for appellant.

Richard F. Bergner, Houston, for appellees.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

ROBERTSON, Justice.

In this stockholders' derivative action Geoffrey Bayliss, Donald Van Delinder, and Geochem Laboratories, Inc. alleged that Paul Cernock breached his fiduciary duty to Reservoirs, Inc. by issuing 3000 undervalued shares of its stock to himself and two directors of Reservoirs, Inc. The jury found Cernock breached his duty by issuing the undervalued stock and the trial court rendered judgment for the amount the stock was undervalued. In eighteen points of error Bayliss claims the trial court erred in (1) disregarding the answer to special issue number five concerning appellants' attorney's fees; (2) granting indemnification of attorney's fees and expenses to Cernock and two directors of Reservoirs; (3) failing to award judgment based on the fair value of the stock; (4) failing to award prejudgment interest at a rate of ten percent per annum; and (5) failing to tax costs against Cernock. We modify the judgment of the trial court and, as modified, affirm.

In 1970, Geoffrey Bayliss and Donald Van Delinder formed Geochem Laboratories, Inc. Geochem was formed as a geochemical service company in oil and gas exploration. In 1977 Bayliss and Van Delinder formed Reservoirs, Inc. along with several other small corporations to expand their oil and gas exploration services. Paul Cernock, who was an employee of Geochem, was named president of Reservoirs, Inc. Reservoirs initially issued 3000 shares of stock. Cernock, Bayliss, and Mrs. Cernock were directors of Reservoirs. Cernock owned 56% of Reservoirs' stock, 5% of which was reserved for the key man. The remaining shares were distributed 8% each to Bayliss and Van Delinder, 8% to Steven Brown, and 20% to Geochem.

In August 1980, at a Reservoirs shareholder's meeting, Bayliss and the other

stockholders learned that Cernock had issued another 3000 shares of Reservoirs' stock without notice to the stockholders. The shares were sold at $7.35 per share and were distributed 2520 to Cernock, 300 to John Neasham, and 180 to John Thomas. By issuing the additional 3000 shares, Cernock increased his ownership of Reservoirs from 56% to 70% and diluted the remaining stockholders' ownership by one-half. John Neasham was appointed a director of Reservoirs at the August meeting. At that time, Bayliss was no longer a director of Reservoirs.

In June 1981, Bayliss, Van Delinder, and Geochem filed a shareholders' derivative suit against Cernock, Neasham, and Thomas alleging that, without notice to the stockholders, Cernock, Neasham, and Thomas issued 3000 new shares of Reservoirs' stock at a price below the fair value of the shares. In doing so, appellants alleged that Cernock, Neasham, and Thomas breached their fiduciary duties as directors of Reservoirs.

Before trial, appellants dismissed Neasham and Thomas from the lawsuit by deleting their names from an amended petition. Appellants proceeded to trial against Cernock. In answer to special issues, the jury found (1) the valuation of $7.35 per share for the shares of stock was not fair to Reservoirs; (2) the fair value of a share of stock in Reservoirs was $33.40; and (3) Cernock's breach of fiduciary duty to Reservoirs was willful. The jury further found that a reasonable amount of attorney's fees for appellants was $70,000 for trial, $12,000 in the event of an appeal to the court of appeals, and $4,400 in the event writ of error is granted to the supreme court. The trial judge disregarded the jury's answer to special issue five with regard to appellant's attorney's fees, and rendered judgment for $65,646 (representing the difference between what Cernock paid for the 2520 shares and what the jury found was the fair value of the shares) and further in the sum of $30,111.50 (representing the amount Reservoirs advanced Cernock for attorney's fees in defending the suit).

In their first point of error, appellants claim the trial court erred in *sua sponte*, disregarding special issue five without a motion to disregard from a party. Texas Rule of Civil Procedure 301 requires the trial court to conform its judgment "to the pleadings, the nature of the case proved and the verdict," and "give the party all the relief to which he may be entitled either in law or equity." The rule further provides that, upon motion and reasonable notice, the court may disregard any jury finding on a question that has no support in the evidence. A trial court may also disregard a jury finding on its own motion if the special issue is immaterial. *Arch Construction, Inc. v. Tyburec*, 730 S.W.2d 47, 51 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). An issue is immaterial when the finding is inapplicable to the case. *Ridout v. Mobile Housing, Inc.*, 497 S.W.2d 66, 67 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). To determine whether special issue five is immaterial and should have been disregarded, we must first discuss appellants' second point of error.

In their second point of error, appellants claim the trial court erred in disregarding the jury's response to special issue five because they were entitled to recover attorney's fees under the common fund, or common benefit doctrine. Appellants brought a derivative shareholders' action under article 5.14 of the Texas Business Corporation Act Annotated (Vernon 1980). Article 5.14 does not provide for recovery of attorney's fees, but the comment to the section provides that a winning plaintiff is entitled to recover attorney's fees under common law and equitable principles. The equitable principle on which appellants rely is the common fund doctrine.

Under the common fund doctrine, if a few succeed in securing a benefit for a group, the entire group shares the cost of procuring the benefit. *Knebel v. Capital Nat'l Bank in Austin*, 518 S.W.2d 795, 799 (Tex.1974). With regard to shareholder derivative suits, the corporation is treated as a representative of the group benefited and the corporation may be required to pay the reasonable costs and attorney's fees incurred by appellants during the litigation.

The Texas Supreme Court has adopted the common fund doctrine, but expressly held that the winning plaintiff's recovery of attorney's fees depends on a finding that a substantial benefit has been conferred on the corporation. *Id.* at 800.

In this case appellants failed to submit a special issue to the jury requesting a finding on whether a substantial benefit was conferred on the corporation. Because the recovery of attorney's fees under the common fund doctrine is an independent ground of recovery, appellants were obligated to request such an issue. By failing to request an issue on whether the corporation sustained a substantial benefit, appellants have waived their right to recover attorney's fees under the common fund doctrine. *Osoba v. Bassichis*, 679 S.W.2d 119, 122 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); TEX.R.CIV.P. 279. Appellants' second point of error is overruled. Because special issue five provided no basis for judgment, the issue was immaterial. The trial court was obligated to disregard the issue. Appellants' first point of error is overruled.

In their third point of error, appellants claim the trial court erred in not awarding Reservoirs judgment for the expenses it is required to pay plaintiffs because Cernock's breach of fiduciary duty was willful. Appellants have neither discussed point of error three, nor have they cited authority to support their claim. Points of error must be supported by argument and authorities, and if not so supported, the points are waived. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex.1983); *King v. Graham Holding Co., Inc.*, 762 S.W.2d 296, 298 (Tex.App.—Houston [14th Dist.] 1988, no writ). Appellants' third point of error is overruled.

In their fourth, sixth, seventh, and twelfth points of error, appellants claim the trial court erred in granting Neasham and Thomas indemnification because (1) they did not file a request for indemnification, (2) there was no evidence they were entitled to indemnification, (3) the award was contrary to the stipulation that Cernock's fees did not need to be apportioned, and (4) because article 2.02–1 of the Texas Business Corporation Act Annotated (Vernon Supp.1989) was not in effect at the time Neasham and Thomas were dismissed from the suit.

Article 2.02–1 of the Texas Business Corporation Act (Vernon Supp.1989) provides in part:

> H. A corporation shall indemnify a director against reasonable expenses incurred by him in connection with a proceeding in which he is a named defendant or respondent because he is or was a director if he has been wholly successful, on the merits or otherwise, in the defense of the proceeding.

Appellants argue article 2.02–1 is inapplicable because it did not take effect until after they filed their lawsuit. Article 2.02–1 became effective August 29, 1983, after the suit was filed, but before it was tried. Statutes dealing with a remedy, as distinguished from a right or cause of action, are to be applied to actions tried after their passage even though the right or cause of action arose prior thereto. *Villiers v. Republic Financial Services, Inc.*, 602 S.W.2d 566, 570 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.). A statute is to be applied retroactively unless the application of the law would take away or impair vested rights acquired under existing law. *McCain v. Yost*, 155 Tex. 174, 284 S.W.2d 898, 900 (1955). Article 2.02–1 provides for indemnification of officers and directors. It does not affect appellants' cause of action for breach of fiduciary duty. Therefore, the indemnification provisions of article 2.02–1 apply to the instant case.

Under section H of article 2.02–1, Neasham and Thomas did not need to file a request for indemnification because, by virtue of their dismissal, they were wholly successful in the lawsuit. The corporation is obligated under the Texas Business Corporation Act to reimburse Neasham and Thomas. Appellants' fourth, sixth, seventh, and twelfth points of error are overruled.

In their fifth point of error, appellants contend the trial court erred in grant-

ing indemnification to Neasham and Thomas in its judgment because there was no evidence of the reasonable expenses incurred by them. Based on a list of attorney's fees filed with the court, the trial judge ordered that Reservoirs may reimburse Neasham and Thomas $5,911.50 for attorney's fees incurred in defending the lawsuit. The list was filed after the jury's verdict was returned and was never introduced into evidence. Appellants claim the unverified list of attorney's fees is not sufficient to support the trial court's judgment for indemnification of Neasham and Thomas. We agree.

Appellees claim the list of attorney's fees is a stipulation to the amount of attorney's fees and, therefore, is conclusive proof of reasonable expenses. Appellants assert they did not stipulate to the amount of attorney's fees incurred by Neasham and Thomas and were given no opportunity to challenge the amounts listed by appellees. Although the corporation is obligated to indemnify Neasham and Thomas, the order of indemnification was not properly included in the trial court's judgment. Appellants must be given an opportunity to challenge the reasonableness and veracity of Neasham's and Thomas's expenses. Thus, we conclude the reimbursement award of $5,911.50 has no support in the evidence and the trial court's judgment will be modified to delete that figure. Appellant's fifth point of error is sustained.

In their eighth through eleventh, thirteenth, and fourteenth points of error, appellants assert that Cernock was not entitled to indemnification of the reasonable expenses he incurred in defending the lawsuit. After the jury returned its verdict, Cernock filed an application for indemnification with the court. Cernock requested indemnification from Reservoirs of his attorney's fees and any reasonable expenses he incurred in defending the suit. The trial court denied Cernock's application for indemnification for attorney's fees, but allowed $1,144.85 indemnification for expenses.

Section J of article 2.02–1 provides:

J. If, upon application of a director, a court of competent jurisdiction determines, after giving notice the court considers necessary, that the director is fairly and reasonably entitled to indemnification in view of all the relevant circumstances, ... the court may order the indemnification that the court determines is proper and equitable. The court shall limit indemnification to reasonable expenses if the proceeding is brought by or in behalf of the corporation or if the director is found liable on the basis that personal benefit was improperly received by him, whether or not the benefit resulted from an action taken in the person's official capacity.

After Cernock complied with the requirement that an application be filed, the trial court had discretion to indemnify Cernock for his expenses in defending the lawsuit, even though he was found liable on the basis that he improperly received a personal benefit. The trial court had no discretion, however, to indemnify Cernock for his attorney's fees incurred in defending the suit. Section J specifically limits the court's indemnification award to reasonable expenses if the proceeding is brought by or in behalf of the corporation or if the director is found liable on the basis that a personal benefit was improperly received by him whether or not the benefit resulted from an action taken in the person's official capacity.

Appellants further assert the trial court erred in failing to order Cernock to reimburse Reservoirs for attorney's fees. The trial court's judgment reveals the court ordered Cernock to reimburse Reservoirs for the attorney's fees it advanced to Cernock. The judgment states:

Indemnification of attorney's fees apportioned to Defendant Paul J. Cernock in the amount of $30,111.50 (Thirty Thousand One Hundred Eleven Dollars and Fifty Cents) is denied.

* * * * * *

It is therefore ordered, adjudged and decreed by the Court that Reservoirs, Inc. have and recover judgment of and from defendant Paul J. Cernock in the sum of

Sixty-five thousand six hundred forty-six and no/100 Dollars (65,646.00), together with prejudgment interest at the rate of 6% per annum from June 21, 1980 to date, and further in the sum of Thirty Thousand One Hundred Eleven Dollars and 50/100 dollars ($30,111.50).

■ The trial court ordered Cernock to pay Reservoirs $30,111.50 as part of its judgment. Although the judgment does not specifically state that the $30,111.50 is awarded as reimbursement of the advances made to Cernock by Reservoirs, a reasonable inference can be made that the trial court ordered Cernock to pay that amount as reimbursement of attorney's fees advanced to him by Reservoirs. Appellants' eighth through eleventh, thirteenth, and fourteenth points of error are overruled.

In their fifteenth point of error, appellants claim the trial court erred in failing to award judgment based on a fair value of $189 per share because the evidence established as a matter of law that the fair value of Reservoirs' stock was $189 per share in March 1980. The jury found that $33.40 was the fair value of one share of stock in Reservoirs. Appellants claim the evidence is legally insufficient to support that finding.

With regard to legal insufficiency points, we will consider only the evidence tending to support the finding, viewing it in the most favorable light in support of the finding, giving effect to all reasonable inferences that may properly be drawn therefrom and disregarding all conflicting evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

■ Under the facts in this case, there is some evidence to support the jury's finding that the fair value of the stock was $33.40. Appellants claim the only admissible evidence of the fair value of the stock came from their experts who testified that the stock's fair value was $189 per share. Appellants cite 9A *Fletcher Cyclopedia Corporations* § 4697 (rev. 1985) for the proposition that Cernock's testimony about the value of the stock should be disregarded because, as a director, he was not qualified to testify to the value of the stock. Texas has not adopted the rule that a director cannot testify about the value of the corporation's stock. Appellants argue that, if Cernock's testimony is disregarded, their expert's testimony is the only evidence of the fair value of the stock. Appellant's expert testified that the fair value of one share of Reservoirs' stock was at least $189. Appellants argue their expert's opinion testimony established a $189 fair value as a matter of law.

■ Opinion testimony does not establish any material fact as a matter of law. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex.1986). The judgments and inferences of experts, even when uncontroverted, are not conclusive on the trier of fact, unless the subject is one for experts or skilled witnesses alone. *Id.* Furthermore, the record contains ample evidence beyond Cernock's testimony and appellants' expert's testimony that the value of the stock was not established at $189 as a matter of law.

■ Bayliss testified that a letter sent to the shareholders of Reservoirs recommended book value as the method of stock valuation. That letter stated that Douglas B. Thomson & Associates, Reservoirs' accountants, originally suggested that dividing the total stockholders' equity by the total number of shares outstanding was a fair method to determine the value of the stock. The letter also stated the company's board of directors believed the valuation was fair. At the time the letter was written, the stock was valued at $15.44 per share. In addition, Mr. Jones, an accountant who testified that $189 per share was the total market price of Reservoirs' stock also testified that, on March 31, 1980, Reservoirs' stock had a book value of $73.20, and that, based on an earnings method of valuation, the market value of the stock was $226.30 per share. Dr. Huddle, an economist testified that the value of Reservoirs' stock on March 31, 1980 was $347.35 per share. Balance sheets of Reservoirs were introduced into evidence which reflected that the total stockholders' equity as of December 31, 1979 was $100,201. At

that time 3000 shares of stock were outstanding. By dividing the total equity by the number of outstanding shares, the jury arrived at a $33.40 per share value as the fair value of Reservoirs' stock. Thus, the evidence shows stock valuations ranging from $7.35 per share to $347.35 per share. Considering this evidence with all the other evidence in the case, we cannot conclude that the value of the stock was established at $189 per share as a matter of law. Appellants' fifteenth point of error is overruled.

■ In their sixteenth point of error, appellants claim the trial court erred in not cancelling the subject shares because plaintiffs were entitled to elect that remedy. Appellants failed to argue point of error sixteen and have presented no authority to support their position that the trial court should have cancelled Cernock's shares. Points of error must be supported by argument and authorities, and if not so supported, the points are waived. *Trenholm v. Ratcliff*, 646 S.W.2d at 934; *King v. Graham Holding Co., Inc.*, 762 S.W.2d at 298. Appellants' sixteenth point of error is overruled.

In their seventeenth point of error, appellants claim the trial court erred in awarding prejudgment interest of six percent per annum on the actual damages. Appellants contend they are entitled to prejudgment interest of ten percent per annum, compounded daily, on the damages.

Article 5069–1.03 provides:

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

■ We find this article does not apply because appellant's cause of action did not involve a fixed sum ascertainable. *See Allied Bank West Loop v. C.B.D. & Assoc.*, 728 S.W.2d 49 (Tex.App.—Houston [14th Dist.] 1987, no writ). The trial court could only award prejudgment interest under general principles of equity. *See Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480, 485 (Tex.1978). The trial court erred when it awarded prejudgment interest at a rate less than that dictated by Texas Revised Civil Statute Annotated, article 5069–1.05, § 2 (Vernon Supp.1989) (ten percent per annum, compounded daily). *See Acco Constructors, Inc. v. Nat'l Steel Products*, 733 S.W.2d 368, 371 (Tex.App.—Houston [14th Dist.] 1987, no writ). Appellants' seventeenth point of error is sustained.

In their eighteenth point of error, appellants claim the trial court erred in failing to tax costs against Cernock. The trial court allocated costs to the party incurring same. Appellants, relying on Texas Rule of Civil Procedure 131, claim the costs should have been assessed against Cernock because appellants prevailed. Rule 131 provides:

The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided.

■ The assessment of costs is within the discretion of the trial court and should not be disturbed without a clear showing of abuse of discretion. *Right to Life Advocates, Inc. v. Aaron Women's Clinic*, 737 S.W.2d 564, 572 (Tex.App.—Houston [14th Dist.] 1987, writ denied), *cert. denied* —— U.S. ——, 109 S.Ct. 71, 102 L.Ed.2d 47 (1988). Because both parties were successful to some extent, we conclude the trial court did not abuse its discretion. Thus the court did not err in assessing costs to the party incurring same. Appellants' eighteenth point of error is overruled.

Appellees have filed two cross-points. In their first cross-point, they assert the trial court was correct in disregarding the jury's response to special issue five because there is no basis in law for the award of attorney's fees to appellant. Our disposition of appellants' first two points of error pretermits discussion of appellees' first cross-point.

In their second cross-point, appellees claim the trial court erred in not awarding Cernock indemnification for reasonable attorney's fees because he was entitled to

indemnification under Reservoirs' bylaws and article 2.02–1. Reservoirs' bylaws provide for indemnification of officers or directors unless they have been found guilty of willful misfeasance or malfeasance. Before article 2.02–1, the statutes provided that the statutory right was not exclusive, so provisions such as that in Reservoirs' bylaws were included to protect directors. Article 2.02–1 now provides:

M. A provision for a corporation to indemnify or to advance expenses to a director who was, is, or is threatened to be made a named defendant or respondent in a proceeding, whether contained in the articles of incorporation, the bylaws, a resolution of shareholders or directors, an agreement, or otherwise, ... is valid only to the extent it is consistent with this article as limited by the articles of incorporation, if such a limitation exists.

■ Reservoirs' bylaws go beyond article 2.02–1 in providing for indemnification of attorney's fees for the director or officer who has gained an improper personal benefit. Under Section M, if a corporation's bylaws are inconsistent with article 2.02–1, the article controls. By allowing indemnification of attorney's fees to a director who has received an improper personal benefit, Reservoirs' bylaws conflict with article 2.02–1. Thus, the provisions of section J of article 2.02–1 apply. Article 2.02–1 limits such indemnification to reasonable expenses and does not include attorney's fees. Therefore, Cernock is not entitled to indemnification of attorney's fees. Appellees' second cross-point is overruled.

The judgment of the trial court is modified to delete the indemnification award to Neasham and Thomas and to reflect a prejudgment interest rate of ten percent instead of six percent. In all other respects the judgment of the trial court is affirmed.