**Reversed and Remanded and Memorandum Opinion filed August 25, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00617-CV

## BEVERLY R. PLEASANT, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF PATRICE SHARAI PLEASANT, DECEASED, Appellant

## V.

## TOMAS GRANADOS HERNANDEZ AND UNIVERSAL TIRE & WHEEL, INC., Appellees

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause No. 37468**

## MEMORANDUM OPINION

Appellant Beverly R. Pleasant, individually and on behalf of the estate of Patrice Sharai Pleasant, deceased, ("Pleasant") sued appellees Tomas Granados Hernandez ("Granados") and Universal Tire & Wheel, Inc. alleging negligence actions under the Texas Wrongful Death and Survival Statutes.[1]  *See* Tex. Civ.

---

[1] Universal Tire filed a verified plea in abatement asserting that Pleasant lacked capacity to prosecute her claims under the Texas Wrongful Death Act and the Texas Survival Statute. *See*

Prac. & Rem. Code Ann. §§ 71.002 *et seq*; 71.021.  Appellees filed a traditional motion for summary judgment on Pleasant's causes of action.  The trial court granted appellees' motion and Pleasant appealed in multiple issues.  Because appellees failed to meet their summary judgment burden to conclusively prove that Granados did not breach his duty to exercise ordinary care while driving the Universal Tire truck, we hold the trial court reversibly erred when it granted appellees' motion for summary judgment.  We therefore reverse the trial court's final summary judgment and remand to the trial court for further proceedings.

## BACKGROUND

Patrice Sharai Pleasant was driving south on FM 50 in Washington County, Texas on October 17, 2018.  Granados was driving a Universal Tire box truck northbound on the same road.  As the two vehicles approached each other, Patrice's vehicle suddenly crossed FM 50's center line.  Granados continued on the same course in his lane of FM 50 and did not react to the movement of Patrice's vehicle.  As a result, Patrice's vehicle sideswiped the left side of the Universal Tire truck, began rotating counterclockwise while sliding south until the rear of Patrice's vehicle struck a trailer being towed by a third vehicle which had been driving behind the Universal Tire truck.  Patrice, age 22, died as a result of the collision.

---

Tex. Civ. Prac. & Rem. Code Ann. §§ 71.002 *et seq*; 71.021.  Universal Tire did not set its plea for a hearing and the record does not indicate that the trial court ruled on the plea.  *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 853 n.7 (Tex. 2005) (stating that a defendant has the burden to challenge capacity via a verified pleading, and if properly challenged, "the trial court should abate the case and give the plaintiff a reasonable time to cure any defect."). Universal Tire, seeking a final resolution of the case, filed a joint motion for summary judgment along with Granados, which the trial court granted.  Additionally, Universal Tire has not challenged Pleasant's capacity to pursue her claims in this appeal.  Because capacity, which does not implicate a court's subject matter jurisdiction, can be waived, we need not address it in this appeal.  *See Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 778–79 (Tex. 2020).

Pleasant sued Granados and Universal Tire alleging negligence claims under the Texas Wrongful Death and Survival statutes in October 2020. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 71.002 *et seq*; 71.021. The appellees filed separate answers in November 2020. It is undisputed that Granados was acting in the course and scope of his employment with Universal Tire at the time of the collision.[2]

Less than six months after filing their answers, appellees filed a joint traditional motion for summary judgment. Appellees asserted that their attached summary judgment evidence conclusively proved that Granados "did not commit any driver error that caused or contributed to the accident." The evidence included Granados' translated affidavit, a short affidavit prepared by William B. Nalle, P.E., a mechanical engineer, and a certified copy of the Texas Peace Officer's Crash Report prepared by Matthew Groman of the Texas Department of Public Safety.

Groman's Crash Report includes a not-to-scale diagram of what Groman determined was the track of the vehicles before, during, and after the collision. He also noted Patrice's age and that she was killed in the accident. Groman concluded that a contributing factor causing the accident was Patrice's car being on the "Wrong Side–Not Passing." Groman did not include any other contributing factors in his report.

Granados stated in his affidavit that he "was driving north on FM 50, which is a two-lane road," "at approximately 50-55 mph and [his] vehicle was in the middle of the northbound lane." Granados continued that Patrice's vehicle was approaching him in the southbound lane when, "immediately prior to the collision,

---

[2] Under the theory of vicarious responsibility, or respondeat superior, an employer may be held liable when the negligence of its employee, acting in the course and scope of his employment, is the proximate cause of another's injury. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018); *DeWitt v. Harris Cty.*, 904 S.W.2d 650, 654 (Tex. 1995).

the silver Impala driven by Patrice Sharai Pleasant crossed over the center line into the northbound lane in which I was driving." According to Granados, the Impala "struck the front left side of my vehicle." Granados then asserted that "there was not sufficient time between when the silver Chevrolet Impala driven by Patrice Sharai Pleasant crossed over the center line into the northbound lane and the collision for me to perform an evasive maneuver." Hernandez then stated that he "was not using my vehicle infotainment system, my cell phone, or any other electronic device immediately prior to the Accident." Finally, he opined that he "did not commit any driver error that led to the Accident."

Nalle stated that he had a Bachelor of Science degree in mechanical engineering. Nalle continued that he worked as a mechanical engineer for Nalle Plastics, where he provided "a variety of engineering and management functions relating to machine design and general plant production." He then founded Accident Reconstruction Engineers where he provides "on-scene technical investigation, engineering evaluation, appropriate court exhibits, aerial photographs, and expert testimony for various types of vehicular accidents." Nalle then stated that his training for this career consisted of completing "courses on advanced accident reconstruction and computer accident reconstruction at Northwestern University in 1983 and 1988, respectively. I attended the Engineering Dynamics Corporation HVE Forum in San Diego, California in May 2000 as well as numerous seminars on various aspects of the transportation industry." Nalle also stated that he was retained by the attorney for appellees about a month after the fatal wreck occurred.

Nalle then laid out his opinion in three paragraphs:

9.    On December 6, 2018, I conducted a visual inspection of the 2016 Ford Econoline truck driven by Tomas Granados Hernandez in the Accident. On the same day, I conducted an

4

inspection of the scene of the Accident, including observations of the tire marks and gouge marks made by the vehicles involved in the Accident as well as the police markings still present at the scene.

10. Based on my investigation, I concluded that, prior to the collision, the vehicle driven by Ms. Pleasant was traveling south on FM 50 and the vehicle driven by Mr. [Granados] was traveling north on FM 50. For an unknown reason Ms. Pleasant crossed over the center line of the highway. The left side of her car was about 3.0 to 3.5 feet over the center line at impact. The lane width was nominally 11.5 feet wide. When Ms. Pleasant struck Mr. [Granados'] truck there was literally no place for him to go and he had no way to prevent the collision.

11. Ms. Pleasant, by driving across the center line, must bear the full responsibility for the Accident. Mr. [Granados] acted as a reasonable, prudent driver faced with a sudden emergency. He was able to retain control of his damaged truck and bring it to a safe stop without further incident.

Nalle did not include any photographs or measurements of the scene supporting his opinion. Nalle also did not state whether he reviewed the police accident report or other investigation materials prepared by the police.

Pleasant filed a response to appellees' traditional motion for summary judgment. Pleasant filed written objections to parts of Granados' affidavit as "self-serving, conclusionary [sic] statements of an interested witness." Additionally, Pleasant further objected to Nalle's qualifications to render an opinion as well as to parts of his affidavit as "self-serving, conclusory statements as well as legal conclusions of someone hired and presumably paid by the Defendants' counsel." The trial court did not, however, rule on Pleasant's objections.

In addition, Pleasant attached her own affidavit that she prepared after personally visiting the accident scene and after she "viewed the accident reconstruction video prepared by the Texas Department of Public Safety that was

5

recorded on the day of the accident." Pleasant stated that Granados' truck was 8 feet in width. Then, based on that measurement, and Nalle's statements that the width of each lane of FM 50 was 11.5 feet and that Patrice may have crossed the center line by 3 feet, Pleasant stated that the accident could have been avoided if Granados had moved his truck to the far right of his lane of FM 50. Pleasant also attached photos to her affidavit and averred that they were "true and accurate depictions of the road surface of FM 50 near the accident scene and photos produced by the Defendants of the sideswipe damages to the subject box truck resulting from the collision in question."

The trial court conducted an oral hearing on the motion on August 5, 2021. The trial court granted the motion at the end of the hearing. This appeal followed.

ANALYSIS

Pleasant raises numerous issues on appeal. As explained below, we need reach only her second and fifth issues. In her second issue, Pleasant argues the trial court erred when it granted appellees' traditional motion for summary judgment because appellees did not meet their summary judgment burden to conclusively prove that Granados did not breach his duty to maintain a proper lookout. In her fifth issue, Pleasant asserts the trial court erred when it awarded costs to appellees pursuant to Rule 167.4 of the Texas Rules of Civil Procedure.

## I. Standard of review and applicable law

We review a trial court's order granting a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all of the evidence in the light most favorable to the nonmovant. *Leonard v. Knight*, 551 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2018, no pet.). When a defendant moves for

summary judgment on a plaintiff's cause of action, it must conclusively disprove at least one essential element of the plaintiff's cause of action in order to prevail. *Doggett v. Robinson*, 345 S.W.3d 94, 98 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Evidence is considered conclusive if reasonable people could not differ in their conclusions. *Leonard*, 551 S.W.3d at 909. The non-movant has no burden to respond to a motion for summary judgment unless the movant conclusively meets its summary judgment burden. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). If the movant establishes its entitlement to judgment, only then does the burden shift to the nonmovant to come forward with competent controverting evidence sufficient to raise a genuine issue of material fact. *Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 868 (Tex. App.—Houston [14th Dist.] 2017, no pet.). In reviewing a summary judgment motion, we take as true all evidence favorable to the non-movant and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Universal MRI and Diagnostics, Inc. v. Med. Lien Mgmt., Inc.*, 497 S.W.3d 653, 658 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

To prevail on her negligence causes of action against appellees, Pleasant had to establish the existence of a duty, breach of that duty, and damages proximately caused by the breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The only element at issue in this appeal is breach. To establish breach of duty, the plaintiff must show either that the defendant did something an ordinarily prudent person exercising ordinary care would not have done under the particular circumstances, or that the defendant failed to do something that an ordinarily prudent person would have done in the exercise of ordinary care. *Douglas v. Aguilar*, 599 S.W.3d 105, 108 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Under Texas law, all drivers owe a general duty to exercise the ordinary care

that a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others. *Mingrun, Inc. v. Wheaton*, No. 09-21-00198-CV, 2022 WL 2068857, at *7 (Tex. App.—Beaumont June 9, 2022, n. p. h.) (mem. op.). Drivers have the duty to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway. *Id.; see* Tex. Transp. Code Ann. §§ 545.052 ("An operator moving in the opposite direction of the movement of another operator shall: (1) move or remain to the right; and (2) on a roadway wide enough for not more than one line of vehicle movement in each directions, give the other operator: (A) at least one-half of the main traveled portion of the roadway; or (B) if complying with Paragraph (A) is not possible, as much of the roadway as possible."); 545.351 (providing that an operator of a vehicle "shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care."). Drivers also have the general duty to keep a proper lookout. *Mingrun, Inc.*, 2022 WL 2068857, at *7. This duty "encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience. The failure to keep a proper lookout can be a proximate cause of an accident where the motorist should have seen something in time to have avoided the accident by evasive action and but for such failure the collision could have been avoided. Generally, whether a driver kept a proper lookout in an automobile negligence case is a question for the factfinder." *Id.* "Indeed, when the evidence shows that a driver exercised some care, it becomes an issue of fact as to whether that driver's conduct was negligent." *Douglas*, 599 S.W.3d at 108 (internal quotation marks omitted).

8

**II.    There is a fact issue on whether Hernandez breached his duty to exercise ordinary care prior to the collision.**

Pleasant has included in her issues on appeal challenges to parts of the affidavits prepared by Granados and Nalle as conclusory. An objection that statements in an affidavit are conclusory may be raised for the first time on appeal. *Leonard*, 551 S.W.3d at 911. We need not, however, decide whether the challenged affidavits contain conclusory statements because, even if we assume that they are not conclusory, appellees failed to meet their summary judgment burden because the challenged affidavits do nothing more than create a fact issue on whether Hernandez breached his duty to keep a proper lookout while driving. This is particularly true of Granados' affidavit. *See Ragsdale v. Progressive Voter's League*, 801 S.W.2d 880, 882 (Tex. 1990) (stating that the testimony of an interested witness, such as a party to the suit, does no more than raise a fact issue to be resolved by the factfinder, even if it is uncontradicted); *Mingrun, Inc.*, 2022 WL 2068857 at *7 (stating that whether a driver kept a proper lookout is a question for the factfinder); *Douglas*, 599 S.W.3d at 108 (stating that when evidence shows driver exercised some care, it becomes an issue of fact whether that driver's conduct was negligent); *Jameson v. Melton*, 366 S.W.2d 115, 118 (Tex. App.—Dallas 1963, no writ) ("Proper lookout is ordinarily a question for the jury."). In addition, because Granados' credibility will likely be dispositive in the resolution of the case, summary judgment based on his affidavit is inappropriate. *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989).

The fact that Nalle claims to be an expert does not change this result because opinion testimony does not establish any material facts as a matter of law, even when uncontroverted, unless the subject is one for experts or skilled witnesses alone. *City of Keller v. Wilson*, 168 S.W.3d 802, 820 (Tex. 2005); *Bayliss v. Cernock*, 773 S.W.2d 384, 389 (Tex. App.—Houston [14th Dist.] 1989, writ

9

denied).  Whether a certain subject matter is one solely for experts is a question of law.  *See FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 89–90 (Tex. 2004).  A subject matter is for experts alone if factfinders "cannot properly be assumed to have or be able to form correct opinions of their own based upon evidence as a whole and aided by their own experience and knowledge of the subject of inquiry. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).  If the subject matter "is not solely for experts," i.e., factfinders are capable of forming their own opinions based on the record as a whole, then "uncontroverted opinion testimony is not conclusive, regardless of whether it comes from an expert or a lay witness." *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 339 (Tex. 1998).  Expert testimony is required when alleged negligence is of such a nature as not to be within the common experience of laypersons.  *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982).  Because operating a motor vehicle is within the common experience of laypersons, we conclude that resolution of whether Granados breached his duty to maintain a proper lookout does not require expert testimony. *Pilgrim's Pride Corp. v. Smoak*, 134 S.W.3d 880, 892–94 (Tex. App.—Texarkana 2004, pet. denied) (holding expert testimony not required in car wreck case because questions at issue were not complex or beyond the competence of an average juror); *J.D. Abrams, Inc. v. McIver*, 966 S.W.2d 87, 93 (Tex. App.— Houston [1st Dist.] 1998, pet. denied) (holding in car wreck case that expert testimony was not required to prove defendant breached the standard of care because "driving an automobile in areas of road construction and automobile accidents certainly are not outside of the understanding of the average layman."); *Carney v. Roberts Inv. Co.*, 837 S.W.2d 206, 210 (Tex. App.—Tyler 1992, writ denied) ("A proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles, as well as rules of the road and common

10

experience."). Therefore, Nalle's uncontroverted affidavit does not establish any material facts as a matter of law.

Finally, Groman's Crash Report does not conclusively establish that Hernandez did not breach his duty to maintain a proper lookout. The report states only that Patrice's driving on the "wrong side – not passing," was a contributing factor to the wreck. Viewing this evidence in favor of Pleasant, the nonmovant, we conclude it does no more than create a fact issue on whether Patrice was the sole cause of the wreck. *See Pilgrim's Pride Corp.*, 134 S.W.3d at 895 (stating that investigating officer's observations of the weather conditions, the intersection, the location of the two vehicles, and their respective damage "were admissible as rationally based on [the officer's] perception and were helpful to the determination of who caused the accident.").

Because we conclude that appellees failed to meet their summary judgment burden, we hold the trial court committed reversible error in granting the motion for summary judgment. We sustain Pleasant's second issue.

**III.    Because we have sustained Pleasant's second issue challenging the trial court's final summary judgment, we also reverse the trial court's award of litigation costs pursuant to Rule 167.4 of the Texas Rules of Civil Procedure.**

Rule 167.4 provides that "[i]f a settlement offer made under this rule is rejected, and the judgment to be awarded on the monetary claims covered by the offer is significantly less favorable to the offeree than was the offer, the court must award the offeror litigation costs . . . ." Tex. R. Civ. P. 167.4. Because we have sustained appellant's second issue and reverse the trial court's final summary judgment on Pleasant's causes of action, we must also sustain Pleasant's fifth issue because there is no longer a final judgment to support the award of litigation costs. *See id.*

11

## CONCLUSION

Having sustained Pleasant's second and fifth issues, we reverse the trial court's final summary judgment and remand the case to the trial court for further proceedings.

/s/     Jerry Zimmerer
       Justice

Panel consists of Justices Zimmerer, Spain, and Poissant.